647 So.2d 535 (1994)
STATE of Louisiana
v.
David Floyd TOWNSEND.
No. Cr 94-658.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
Morgan J. Goudeau III, Opelousas, for State of Louisiana.
Edward J. Lopez, Opelousas, for David Floyd Townsend.
Before DOUCET, COOKS and DECUIR, JJ.
COOKS, Judge.
David Floyd Townsend was charged by bill of indictment with perjury, a violation of LSA-R.S. 14:123. After trial, a jury found Townsend guilty as charged. On June 25, 1993, Townsend's interim attorney, William T. Barstow, filed a motion for a new trial. Edward Lopez later replaced Barstow; and he also filed a motion for a new trial on July 1, 1993. Both motions were because Barstow failed to appear and argue at the hearing. The second motion filed by Lopez was taken under advisement. Townsend was subsequently sentenced to serve three years at hard labor and fined one thousand dollars. His three-year sentence was suspended; and, he was placed on three years active supervised probation. He was also ordered to pay a supervisory fee and serve six months in the parish jail. Townsend appeals his conviction.
We note an error patent which requires that Townsend's sentence be vacated and his case remanded to the trial court. During Townsend's sentencing, his counsel informed the trial judge he had not ruled on the July 1, 1993 motion for a new trial. The trial judge replied he "thought [he] issued a minute entry ... denying the motion for a new trial" and sentenced Townsend. The minutes *536 do not reflect that the trial judge ruled on the motion for a new trial.
LSA-R.S. 14:123 provides that a motion for a new trial must be filed and disposed of before imposing sentence on a defendant. Therefore, we must vacate Townsend's sentence and remand his case to the trial court for consideration of the motion for a new trial. Townsend's right to appeal his conviction and sentence is reserved in the event of an unfavorable ruling by the trial court. See State v. Randolph, 409 So.2d 554 (La. 1981); State v. Camou, 633 So.2d 357 (La. App. 1st Cir.1993).
SENTENCE VACATED, REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS.