PER CURIAM.
Defendant was found guilty of first degree robbery. He filed a motion for new trial and motion for postverdict judgment of acquittal. The court denied the motion for new trial, but did not rule on the motion for postverdict judgment of acquittal. The court sentenced defendant to serve thirty-five years at hard labor without benefit of parole, probation, or suspension of sentence. On appeal, this court found patent error in the court’s failure to rule on the motion for postverdict judgment of acquittal. This court vacated the sentence and remanded for a hearing and disposition on the motion. State v. Aycock, 97-2528 (La.App. 1st Cir.9/25/98), 731 So.2d 548 (unpublished).
On remand, defense counsel called the district court’s attention to the motion for postverdict judgment of acquittal, but the court imposed the sentence without ruling on the motion. The court minutes indicate the matter was before the court on a “motion for post conviction relief’ (which, according to the minutes, the court denied before sentencing). However, the minutes give no indication the court issued a ruling on the motion for postverdict judgment of acquittal, and the transcript of the resen-tencing also shows there was no ruling on the motion.
In the instant appeal, defendant filed a motion for special assignment of the appeal. Defendant asks this court to give his appeal “special assignment” to address the district court’s failure to rule on his motion for postverdict judgment of acquittal. This court ordered the state to file a response to the motion. The state agrees the court resentenced defendant without ruling on the motion for postverdict judgment of lsacquittal. The state also acknowledges that the failure of a court to rule on such a motion is error patent which requires that the sentence be vacated. The state has no objection to this court granting a “special assignment” for this appeal.
A motion for postverdict judgment of acquittal must be made and disposed of before sentence. La.Code Crim. P. art. 821(A). The failure of the trial court to rule on a motion for postverdict judgment of acquittal is an error patent on the face of the record which requires that the sentence be vacated. State v. Handley, 94-1313 (La.App. 1st Cir. 10/6/95), 662 So.2d 177, 178.
Accordingly, we vacate the sentence and remand this case to the trial court for a ruling and disposition of defendant’s motion for postverdict judgment of acquittal. If the motion is denied, defendant may appeal anew after resentencing.
SENTENCE VACATED; MATTER REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS.