| THIBODEAUX, Judge.
The Defendant, Marcus R. Leonard, was convicted by a jury of simple arson and sentenced to fifteen years at hard labor, a fine of $15,000.00, and was ordered to pay $100,000.00 in restitution. A motion for post verdict judgment of acquittal and a motion for new trial were filed on June 22, 1998. The Defendant was sentenced on April 9, 1999. The motion for new trial was denied on May 21, 1999. The motion for post verdict judgment of acquittal was never acted upon by the trial court.

ERROR PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the record. After reviewing the present record, we find two errors patent.
First, the trial court sentenced the Defendant before ruling on his motion for new trial and motion for judgment of acquittal. The motions were filed on June 22, 1998 and the Defendant was sentenced on April 9, 1999. Although the trial court eventually denied the motion for new trial after sentencing, no ruling has been made on the motion for post verdict judgment of acquittal.
La.Code Crim.P. art. 821 requires that a motion for post verdict judgment of acquittal be filed and disposed of before sentencing. La.Code Crim.P. art. 853 also requires that a motion for new trial be filed and disposed of before sentencing. When such motions are filed but *240 not disposed of before sentencing, the sentence must be vacated and the case remanded for disposition of the motions before resentencing. State v. Townsend, 94-658 (La.App. 3 Cir. 12/7/94); 647 So.2d 535; State v. Randolph, 409 So.2d 554 (La.1981); El-Mumit v. Twenty-First Judicial District Court, 500 So.2d 414 (La.1987). Although the motion for new trial was eventually ruled upon, it was not ruled upon until after sentence was imposed. The motion for post verdict judgment of acquittal, on the other hand, has not yet been ruled upon. Thus, the Defendant’s sentence is vacated and the case remanded for disposition of the motion for post verdict judgment of acquittal and, if necessary, resentencing.
A discussion of the remaining assignments of errors is pretermitted by this court’s remand. The Defendant’s right, to appeal his conviction and sentence is preserved.
|gSecondly, the trial court illegally ordered the Defendant to pay restitution since it did not suspend any portion of the Defendant’s sentence. State v. Narcisse, 97-3161 (La.6/26/98); 714 So.2d 698. Thus, upon remand for the error discussed above, the trial court is instructed to suspend a portion of the sentence if restitution is ordered and in the event the pending motion for post verdict judgment of acquittal is denied. We note that in the 1999 Regular Session, the legislature enacted La.Code Crim.P. art. 883.2, which requires the trial court to order the payment of victim restitution in cases where the court finds the victim suffered' an actual pecuniary loss or incurred costs in connection with the prosecution. The article reads:
In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose.
Apparently, the trial court is no longer required to suspend a portion of a defendant’s sentence in order to impose restitution to the victim.
However, Article 883.2 does not apply to the present Defendant and should not be applied when the Defendant is re-sentenced pursuant to this court’s remand. Article 883.2 became effective August 15, 1999. The Defendant committed the present offense June 29, 1997, well before the effective date of Article 883.2. Furthermore, Article 883.2 increased the severity of the punishment to be imposed on defendants by requiring the imposition of restitution to certain victims. Before the enactment of Article 883.2, the decision to order restitution was within the discretion of the trial court. Thus, Article 883.2 should not be retroactively applied. See State v. Loyd, 96-1805 (La.2/13/97); 689 So.2d 1321. See also State v. Bailey, 28,-822 (La.App. 2 Cir. 10/30/96); 682 So.2d 1271, n. 1, where the court found that | ¿the portion of La. Code Crim.P. art. 893 prohibiting suspension of sentence for a first felony conviction of a crime of violence was not applicable since it was not in effect at the time the offense was committed. Thus, La.Code Crim.P. art. 883.2 is not applicable to the present case, and the sentence imposed is illegal.

CONCLUSION

The Defendant’s sentence is vacated and the case remanded for disposition of the Defendant’s motion for post verdict judgment of acquittal. In the event the motion is denied or granted to instate the responsive verdict of guilty of simple arson with damage of less than $500.00, the Defendant shall be resentenced. The trial court is instructed that restitution cannot be im.posed without at least a partial suspension of the Defendant’s sentence, if suspension is authorized. The Defendant’s right to appeal his conviction and sentence is preserved.
*241 SENTENCE VACATED AND SET ASIDE; REMANDED FOR RESEN-TENCING.