1 ¡WHIPPLE, J.
The defendant, Charles S. Pursell, was charged by bill of information with molestation of a juvenile when the offender has control or supervision, a violation of LSA-R.S. 14:81.2(C). He pled not guilty and the matter proceeded to trial by jury. A jury found the defendant guilty as charged. Defendant was sentenced to fifteen years at hard labor, and the state informed the trial court of its intent to go forward with a multiple offender hearing based on the allegations contained in the multiple offender bill of information. Following his conviction and sentence, the defendant filed a Motion to Reconsider Sentence, a Motion for New Trial, and a Motion for Post Verdict Judgment of Acquittal. After a hearing on the multiple offender bill, the defendant was adjudicated a fourth felony habitual offender.[1] Subsequently, the trial court vacated defendant’s previous sentence and, pursuant to LSA-R.S. 15:529.1, sentenced defendant to life imprisonment without benefit of parole, probation, or suspension of sentence. Before the close of the multiple offender hearing, the trial court denied defendant’s Motion to Reconsider Sentence and his Motion for New Trial. Defendant now appeals, challenging his sentence on several grounds.
We affirm defendant’s conviction, vacate his sentence, and remand to the trial court for disposition of defendant’s motion for post-verdict judgment of acquittal. Additionally, we vacate defendant’s habitual offender adjudication and remand for a new habitual offender hearing and re-sentencing in accordance with the instructions set forth below.
*873 |,FACTS’
At defendant’s sentencing hearing, the state filed a multiple offender bill giving the defendant notice of his right to a hearing as to the truth of the allegations contained in the bill. In the bill, the state alleged the defendant was convicted of the instant offense of molestation of a juvenile, in violation of LSA-R.S. 14:81.2 on November 18, 2003, and the defendant also was convicted of the following offenses: (1) obscenity, in violation of LSA-R.S. 14:106(G)(1), in the Twenty-Second Judicial District Court, bearing case number 315057 on April 10, 2000; (2) aggravated assault, in violation of Mississippi Code Section 97 — 3—7(2)(b), in Pearl River County Circuit Court, bearing case number 7502-2 on August 23, 1993; (3) simple burglary, in violation of LSA-R.S. 14:62, in the Twenty-Second Judicial District Court, bearing case number 118621 on June 7, 1984; and (4) possession of stolen property, in violation of LSA-R.S. 14:69, in the Twenty-Second Judicial District Court, bearing case number 88815 on April 29,1982.
The state alleged the defendant was the same person who was sentenced in the instant and prior cases and should be sentenced in conformity with the provisions of LSA-R.S. 15:529.1. Defendant denied the allegations contained in the multiple offender bill and a hearing was held on February 19, 2004. At the hearing, Detective James Folks of the St. Tammany Parish Sheriffs Office Crime Lab testified on behalf of the state. Folks was accepted and testified as an expert in the field of fingerprint identification. Folks testified that he took defendant’s fingerprints on the date of the hearing. Folks reviewed and compared these fingerprints to the prints on the bill of information for each of defendant’s prior offenses submitted into evidence by the state. Folks testified that the fingerprints on the bills of information, in his expert opinion, are the same as those taken from defendant. Through counsel, the defendant denied being fingerprinted for the obscenity offense.

14PATENT ERROR

As mandated by LSA-C.Cr.P. art. 920(2), this court has conducted a patent error review of the record on appeal and patent errors have been found.
The defendant filed several motions after his conviction and sentence for molestation of a juvenile. The record reflects, however, that the trial court did not rule on defendant’s Motion to Reconsider Sentence and Motion for New Trial until after he was adjudicated and sentenced as a habitual offender. The record also reflects that the trial court failed to render a ruling on defendant’s Motion for Post-Verdict Judgment of Acquittal.
Pursuant to LSA-C.Cr.P. art. 821(A), a motion for a post verdict judgment of acquittal must be made and disposed of before sentence. This court ruled in State v. Aycock, 99-2389, p. 3 (La.App. 1 Cir. 11/18/99), 763 So.2d 10, 11 (per curiam), that the failure of the trial court to rule on a motion for post-verdict judgment of acquittal is an error patent on the face of the record which requires that the sentence be vacated.
In the present case, we find the trial court’s failure to rule on defendant’s motion for post-verdict judgment of acquittal to be a patent error.
According to LSA-C.Cr.P. art. 881.1(D), the trial court may deny a motion to reconsider sentence without a hearing. However, LSA-C.Cr.P. art. 853 mandates that a motion for new trial be filed and disposed of before sentence. Furthermore, LSA-C.Cr.P. art. 873 mandates that if a defendant is convicted of a felony, at *874 least three days shall elapse between conviction and sentence. Article 873 further provides that if a motion for new trial is filed, a sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
In the present case, although the defendant filed his motion for new trial following his conviction and sentence, the original sentence was vacated and the [fitrial court did not dispose of the motion for new trial until after the defendant was adjudicated and sentenced as a habitual offender. The following colloquy occurred at the close of the multiple offender hearing:
MS. WALL (THE PROSECUTOR):
Judge, there is some— under Mr. Pur[s]ell, there are some motions that, at least, the docket is showing are still pending.
[[Image here]]
MS. WALL:
A motion to reconsider, a motion for new trial—
THE COURT:
Before we retire Mr. Pur[s]ell. As to the motion to reconsider sentence on the underlying sentence, I deny that motion. Motion for new trial is denied. Obviously, I’ve already vacated the previous sentence.
[[Image here]]
MR. LIBERTO (DEFENSE):
Your Honor, for the record, I would object to the Court’s ruling on these motions and on the sentencing today.
We note the defendant did not expressly waive the twenty-four hour delay as required by Article 873, he did not plead guilty, and he does challenge the penalty on appeal. See State v. Augustine, 555 So.2d 1331, 1333-34 (La.1990). Accordingly, we vacate defendant’s habitual offender adjudication and sentence because we find that the trial court violated LSA-C.Cr.P. arts. 821(A) and 873.
Although we vacate the habitual offender adjudication and sentence and remand due to these two patent errors, we also note that in defendant’s first assignment of error, he asserts that the imposed sentence is illegal because there was not a finding on the record as to whether the trial court adjudicated defendant under LSA-R.S. 15:529.1(A)(1)(e)(i) or LSA-R.S. 15:529.1(A)(1)(c)(ii). The record shows that defendant’s sentence of life imprisonment was imposed without | fithe benefit of probation, parole or suspension of sentence. However, neither the multiple offender bill nor the transcript of the sentencing portion of the multiple offender hearing specify that the defendant was adjudicated pursuant to LSA-R.S. 15:529.1(A)(1)(c)(ii). The state’s brief concedes this fact.
Therefore, on remand, in the event of an adverse ruling on defendant’s motion for post-verdict judgment of acquittal, after a new habitual offender hearing and resen-tencing, we instruct the trial court to provide written reasons stating the basis for the adjudication. LSA-R.S. 15:529.1(D)(3).
CONVICTION AFFIRMED. HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.

. One of the prior offenses entered into evidence at the multiple offender hearing was case number 7502-2 from the Pearl River County Circuit Court in Mississippi. Under case number 7502-2, defendant's last name is spelled "Purcell” instead of "Pursell.”