STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 07-1424


STATE OF LOUISIANA

VERSUS

TERRANCE COTRELL ROBINSON


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 282,033
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**


**James C. Downs**
**District Attorney - Ninth Judicial District Court**
**Michael Shannon**
**Assistant District Attorney**
**701 Murray Street**
**Alexandria, LA 71301**
**(318) 473-6650**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Mark Owen Foster**
**P.O. Box 2057**
**Natchitoches, LA 71457-2057**
**(318) 572-5693**
**Counsel for Defendant Appellant:**
**Terrance Cotrell Robinson**

**EZELL, JUDGE.**

On May 30, 2006, the Rapides Parish District Attorney's Office filed a bill of information charging Defendant, Terrance Robinson, with armed robbery, a violation of La.R.S. 14:64, and aggravated burglary, a violation of La.R.S. 14:60. In the course of pre-trial proceedings, Defendant complained about his appointed counsel. The court appointed new counsel on January 8, 2007.

The parties selected a jury on March 20, 2007, but the court granted Defendant's motion for mistrial on March 21. A new jury was selected on May 16, 2007; it heard evidence and found Defendant guilty on May 17.

On June 15, 2007, the trial court sentenced Defendant to twenty-five years at hard labor for armed robbery and ten years at hard labor for aggravated burglary. The court ordered that the sentences run consecutively.

Defendant now appeals his convictions and sentences, assigning four errors.

**FACTS**

On the night of February 28, 2006, two men burst into the home of Terrell Bailey, who was at home with her teenaged son, her two-month-old grandson, and a friend, Taranieka Williams. One man was armed with a gun, and had a bandana covering the lower half of his face. The other man wore a hat but no mask and was armed with a knife. The victims subsequently identified the non-masked man as Defendant.

The robbers forced Ms. Bailey to give them cash from her purse and took a pistol that was under a mattress in one of the bedrooms. They forced the victims to lay down in one room and made Ms. Bailey call her boyfriend, Phillip Alexander. When he arrived, they overpowered and robbed him. At some point, Defendant armed himself with a handgun; after the incident, Mr. Alexander realized that a

1

handgun he kept in the house was missing. The robbers also left with Ms. Bailey's car keys; the victims heard a car honk, and when they looked outside, the car was gone.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is one potential error patent.

Louisiana Code of Criminal Procedure Article 853 provides that a motion for new trial must be filed and disposed of before sentencing. The minutes of the sentencing proceeding held in June 2007, indicate that prior to sentence being imposed the defense made an oral motion for new trial to be followed up with a written motion. Then, the trial court sentenced the Defendant. Because of the possible error patent on the face of the court minutes, we reviewed the transcript of sentencing. The transcript indicates that before the sentence was imposed, the following pertinent exchange occurred:

BY MR. WILLIAMS:

> Excuse me. Excuse me, Your Honor. Before you do the sentencing, I'd like to make the oral motion right now for a new trial, based on the grounds of insufficient evidence, and substitute that with the written motion by Tuesday of next week.

BY THE COURT:

> You may do so, sir.

BY MR. WILLIAMS:

> Thank you, Your Honor.

BY THE COURT:

> But you have no objection to my proceeding at this time with this sentencing?

1

BY MR. WILLIAMS:

No objection to your proceeding at this time, sir.

BY MR. SHANNON:

You -- okay.

(THE DEFENDANT CONFERRED WITH DEFENSE COUNSEL.)

BY THE COURT:

Further, as I was stating, I ordered a Pre-Sentence Investigation, and I've been duly supplied with same. And, Mr. Robinson, the facts of the case speak for themselves. The jury found you guilty of these two offenses, and I have no choice but to sentence you as follows. Are you ready for sentencing?

BY THE DEFENDANT:

Yes, sir.

The record indicates that in August 2007, the Defendant filed a written *pro se* motion for new trial asserting insufficient evidence, that the trial court erred in sustaining two objections regarding jury selection, and ineffective assistance of counsel. The trial court denied the motion without conducting a hearing.

This court finds since the initial motion was an oral motion, no error should be recognized. Louisiana Code of Criminal Procedure Article 852 provides that a motion for a new trial *shall* be in writing. In *State v. Lewis,* 99-3150 (La.App. 4 Cir. 2/14/01), 781 So.2d 650, *writ denied*, 01-949 (La. 12/14/01), 804 So.2d 629, on error patent review, the court explained that at sentencing the defense counsel orally moved for a new trial, and the court denied the motion immediately *after* the defendant was sentenced in contradiction to La.Code Crim.P. art. 853. However, the court found that since La.Code Crim.P. art. 852 required a motion for new trial to be in writing and the only motion was made orally, the trial court did not err in failing to rule on the motion. *Id.*

2

As noted above, a motion for new trial must be filed and disposed of prior to sentencing. La.Code Crim.P. art. 853. When the motion has not been ruled upon prior to sentencing and is still pending at the time of appeal, this court has vacated the sentence and remanded the case for a ruling on the motion and, if necessary, resentencing. *State v. Townsend*, 94-658 (La.App. 3 Cir. 12/7/94), 647 So.2d 535. *See also*, *State v. Randolph*, 409 So.2d 554 (La.1981); *El-Mumit v. Twenty-First Judicial District Court*, 500 So.2d 414 (La.1987).

Unlike in *Townsend*, in this case, the motion was ruled upon after sentence was imposed but prior to appeal. In *State v. Brooks*, 00-106 (La.App. 5 Cir. 9/26/00), 769 So.2d 1242, 1246 (alteration in original)(footnote omitted), the fifth circuit found remand was not necessary in a similar circumstance:

> The record further reflects that Brooks' motion for new trial was ruled upon immediately after she had been sentenced. LSA-C.Cr.P. art. 853 provides in pertinent part that "[a] motion for a new trial must be filed and disposed of before sentence." This Court has held that sentencing prior to a ruling on these motions must be set aside and the case remanded for a ruling on the motions and then re-sentencing. In this case, there was a ruling on the motion for new trial after sentencing and there is no need to remand for a ruling on that motion. Further, Brooks noted that she had planned on waiving her 24-hour sentencing delay between a ruling on the motion for new trial and sentencing. The timing of the trial court, although incorrect, constitutes harmless error. The conviction and sentence must be affirmed.

As in *Brooks*, this court finds that there is no need to remand for a ruling on the motion as it was already ruled upon.[1] Accordingly, the court finds that there is no need to remand for resentencing in the present case.

---

[1]In *State v. Brown*, an unpublished opinion bearing docket number 95-472 (La.App. 3 Cir. 12/6/1995), this court found that the trial court's failure to dispose of the motion for new trial prior to imposition of sentence was harmless when the trial court had ruled upon the motion, although untimely.

The court will address this assignment of error first, because it attacks the sufficiency of the evidence adduced at trial. A finding that the evidence was insufficient would necessitate reversal of one or both of Defendant's convictions, and thus, render the other assignments of error moot. *State v. Hearold*, 603 So.2d 731 (La. 1992).

The analysis for such claims is well-established:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

As noted earlier, one of Defendant's convictions was for armed robbery, which is defined by La.R.S. 14:64(A): "Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." The State also charged Defendant in accordance with aggravated burglary as defined by La.R.S. 14:60(2), which states: "[a]ggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender . . .

4

[a]fter entering arms himself with a dangerous weapon[.]"

Defendant does not argue that an armed robbery or aggravated burglary did not occur; rather, he claims that he was not one of the offenders. It is well-settled that since identity was the sole issue, the State was required to nullify any reasonable probability of misidentification. *See, e.g. State v. Hughes*, 05-992 (La. 11/29/06), 943 So.2d 1047.

The three adult victims, Ms. Bailey, Mr. Alexander, and Ms. Williams, testified at trial. The female witnesses stated that one of the robbers did not wear a mask. Ms. Williams recognized his face but did not know his name. Ms. Bailey testified similarly and gave a similar account to police. Ms. Williams noted that when the robbers came in she covered her head with a jacket. However, she peeked out occasionally, and realized that Defendant's face was familiar. Mr. Alexander could not identify either of the robbers, but identified a gun seized from Defendant's waistband at his arrest as similar to a gun Mr. Alexander owned, which was taken during the robbery. Ms. Bailey testified that she saw Defendant's accomplice take Mr. Alexander's gun from underneath a mattress.

Ms. Williams testified that the day after the robbery, she went to a neighborhood store where she saw the Defendant. She described him to the owner, who told her Defendant's name. She then relayed his name to Ms. Bailey. Ms. Bailey testified that a day or two after the robbery, she picked up a friend at the local bus station. As they were driving, the friend saw Defendant and pointed him out to Ms. Bailey. Also, Ms. Bailey found out Defendant's name from other people in the neighborhood. According to Detective Ronnie Howard, Ms. Bailey and Ms. Williams each identified Defendant in separate photographic line-ups.

5

We observe that there is a potential problem with Mr. Alexander's credibility. Appellate counsel argues, "[t]he gun Mr. Robinson allegedly stolen [sic] was not the brand he was carrying [when arrested]." Although Mr. Alexander stated that his weapon was a "Colt 45," he described it as having an "emblem of a bull or a Taurus on it; the sign of a Taurus." This court has obtained the exhibit; it bears a symbol of a rampant colt, in relief, on each handgrip. Another portion of the weapon bears the same symbol, engraved. The court observed the exhibit and submits that the symbols do not look like bulls. Mr. Alexander viewed the weapon at trial and testified that it looked like the one taken from his house. He did not positively identify it as his weapon. He did not report it stolen until approximately one month before trial. Defendant and a friend, Danmon O'Connor, each testified that the gun introduced as S-13 belonged to the two of them.

The discrepancy regarding the weapon is not fatal to the State's case, since Ms. Bailey and Ms. Williams both identified Defendant as the offender who forcibly entered the house with an accomplice, held them at knife point, and took items, including Ms. Bailey's car and cash, without the victims' permission. According to their testimonies, Defendant armed himself with a firearm at some point, because he had one when he and his accomplice left. Ms. Bailey saw his accomplice take the weapon. She, Ms. Williams, and Mr. Alexander all testified that before the robbery there was a handgun in the house, and that after the robbery it was missing. Officer Jason Mouliere of the Alexandria Police Department testified that the victims identified a knife at the scene as having been used in the offense. Also, one of the female victims told Officer Mouliere that she had seen the offenders in the area, but did not know their names.

Neither of the female victims could describe the gun; Mr. Alexander described it as discussed earlier. The State's examination questions suggested that Mr.

6

Alexander's pistol was the pistol found in Defendant's waistband when he was arrested. However, such an identification was not necessary for the conviction.[2] The jury could reasonably have chosen to believe the identifications of Defendant made by Ms. Bailey and Ms. Williams. Also, it would not have been unreasonable for the jury to credit the women's testimonies that they saw Defendant leave the crime scene with *a* weapon, and that Mr. Alexander's weapon was missing after the robbery.

For these reasons, this assignment lacks merit.

### ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment, Defendant argues that the trial court did not appropriately consider his request to represent himself. In his brief, Defendant combines this assignment of error with his second one, devoting most of his argument to the latter. However, he gives the self-representation issue a separate sub-heading in his brief. We note that a hearing on the matter was held on December 18, 2006. At that time, Defendant twice explicitly disclaimed that he had filed such a motion. The court reconvened later on the same date, when Defendant's original counsel was present. During that portion of the hearing, Defendant asked, "Well – well, my – my whole thing is, if I haven't done nothing, what's – what's the reason for me to have an attorney[?]" After the court pointed out the seriousness of the charges, Defendant apparently acquiesced to being represented by his original counsel. When Defendant appeared without counsel at a hearing January 8, 2007, he did not ask to represent himself, and appeared agreeable to the appointment of new counsel. As Defendant failed to request self-representation at either hearing on the matter, and acquiesced to being represented by an attorney, this assignment lacks merit.

_____

[2]The State did not emphasize the gun in its close, and it is not clear whether the gun was presented to the jury for viewing.

**ASSIGNMENT OF ERROR NUMBER TWO**

In his second assignment of error, Defendant argues that his original counsel was ineffective. The analysis for such a claim is well-settled:

> "Initially we note that ineffective assistance of counsel claims are usually addressed in post-conviction proceedings, rather than on direct appeal." *State v. Deruise*, 1998-0541 p. 35 (La.4/3/01), 802 So.2d 1224, 1247-1248, *cert. denied*, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001). The post-conviction proceeding allows the trial court to conduct a full evidentiary hearing, if one is warranted. *State v. Howard*, 1998-0064 p. 15 (La.4/23/99), 751 So.2d 783, 802, *cert. denied*, 528 U.S. 974, 120 S.Ct. 420, 145 L.Ed.2d 328 (1999). Where the record, however, contains evidence sufficient to decide the issue, and the issue is raised on appeal by an assignment of error, the issue may be considered in the interest of judicial economy. *State v. Smith*, 1998-1417 (La.6/29/01), 793 So.2d 1199 (Appendix, p. 10), *cert. denied*, 535 U.S. 937, 122 S.Ct. 1317, 152 L.Ed.2d 226 (2002); *State v. Ratcliff*, 416 So.2d 528 (La.1982).
>
> Under the standard for ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted by this court in *State v. Washington*, 491 So.2d 1337, 1339 (La.1986), a reviewing court must reverse a conviction if the defendant establishes: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect.

*State v. Leger*, 05-11, p. 44 (La. 7/10/06) 936 So.2d 108, 142-3, *cert. denied*, __ U.S. __, 127 S.Ct. 1279 (2007).

The present record is sufficient to address the bulk of this assignment. First, as the State points out, the court relieved Defendant's original counsel and appointed new counsel on January 8, 2007. Defendant suggests that his original counsel's apparent inertia impinged upon his trial counsel's effectiveness because the latter was left with inadequate time to prepare for trial.

The record shows that the court appointed new counsel on January 8, 2007. On February 5, counsel Blane Williams appeared with Defendant; he requested and received a continuance. On March 19, the trial was again continued, but only to the next day. On March 20, the parties began selecting a jury. Counsel moved for a

8

mistrial on March 21, and the court granted it on the same date. Counsel appeared in open court on May 14 and 15; there was a short continuance on each date, and the parties began selecting a new jury on May 16. Thus, trial counsel had approximately four months to prepare for trial.

The court has found no case on point, but observes that in the context of denials of continuances, some jurisprudence suggests that approximately two months is adequate to prepare for a felony trial. *See, e.g., State v. Johnson*, 96-950 (La.App. 4 Cir. 8/20/97), 706 So.2d 468, *writ denied*, 98-617 (La. 7/2/98), 724 So.2d 203, *cert. denied*, 525 U.S. 1152, 119 S.C.t 1054 (1999), and *State v. Wilson* 96-251 (La.App. 5 Cir. 10/1/96), 683 So.2d 775.

More specifically, Defendant argues that his original counsel's ineffectiveness interfered with the preservation of evidence for trial. Having conducted a *Jackson* review, the court finds the evidentiary inconsistencies that Defendant alleges were apparent to the jury. Defendant also alleges that his original counsel did not file discovery. However, the record indicates that his original counsel obtained open-file discovery. Thus, this portion of his argument lacks merit.

Defendant also argues that his original counsel failed to gather sufficient facts regarding Mr. Alexander's pistol in advance of trial. As discussed earlier, the discrepancy between Mr. Alexander's description of the weapon, and its actual markings was before the jury, as was his testimony that he did not report the weapon stolen until approximately one month before trial. Without reference to the first prong of *Strickland*, Defendant has clearly failed to meet the second prong, as he has not demonstrated prejudice. Therefore, this portion of his argument lacks merit.

Defendant also argues that his original counsel failed to help him establish his alibi defense. However, he had an alibi witness testify at trial, and he fails to specify how his case was prejudiced, considering that his second counsel had approximately

9

four months to prepare for trial.

Under another sub-heading, Defendant contends that both his counsel should have actively sought to suppress evidence, including the photo identifications made by two of the victims. However, his argument rests upon the faulty assertion that the "the victims originally did not know anything about the robbers."

As noted earlier, in the *Jackson* review, Ms. Bailey and Ms. Williams did not know Defendant's name at the time of the robbery, but they did recognize his face. Defendant does not offer any other reasons why the photo identifications might be faulty, and does not specify what other evidence should have been suppressed. Thus, this portion of the assignment lacks merit.

## ASSIGNMENT OF ERROR NUMBER THREE

In his third assignment of error, Defendant argues that the trial court erred by failing to articulate the factors it used in formulating the sentence, and in determining the sentences should run consecutively.

This court observes that Defendant did not object to the sentences and did not file a motion to reconsider sentence. Although he cites jurisprudence regarding excessive sentences, he does not argue that his sentences are excessive in length. Therefore, his claim regarding La.Code Crim.P. art. 894.1 has not been preserved for review. La.Code Crim.P. art. 881.1.

Defendant also argues that the trial court erred by failing to sufficiently explain why it ordered that the sentences run consecutively. However, this court finds this argument should not be considered, for the reasons noted in the previous paragraph.

## CONCLUSION

Defendant's convictions and sentences are affirmed.

**AFFIRMED.**

10