MARION F. EDWARDS, Chief Judge.
|2The defendant/appellant, Donald K. Swanzy (“Swanzy”), appeals his conviction and sentence on two counts of theft over $500 in violation of La. R.S. 14:67. For the reasons that follow, we find this appeal is not in the correct procedural posture for our consideration, and, therefore, we dismiss this appeal and remand this matter to the trial court for a ruling on the outstanding defense motion for post-verdict judgment of acquittal.
Swanzy was charged by bill of information with two counts of theft in excess of $500, violations of La. R.S. 14:67.[1] He pled not guilty at arraignment and proceeded to trial on August 20, 2009. At the end of trial, the jury returned a verdict of guilty as charged as to both counts of theft.
The charges were brought against Swanzy alleging he sold two pieces of industrial equipment that he did not own. Swanzy’s defense was that he- was the |3lawful owner since he hired an attorney to secure title to the equipment for nonpayment of repair bills and storage costs.
Swanzy subsequently filed a motion for post-judgment verdict of acquittal, arguing that the State failed to meet its burden of proof on the charges. On November 30, *394 2009, the trial court sentenced Swanzy to a term of imprisonment of six years at hard labor on both theft counts, to run concurrently. The trial court suspended Swan-zy’s sentence and placed him on two years of active probation, to be followed by three years of inactive probation. The trial court also imposed special conditions, including $25,000 restitution to the victim. This timely appeal follows.
In his sole assignment of error, Swanzy contends that the evidence presented by the State at trial was insufficient to support his conviction.
Upon review of the record for errors patent,[2] we find the trial court failed to rule on Swanzy’s motion for post-judgment verdict of acquittal prior to sentencing. A defendant may move for a post-verdict judgment of acquittal following the verdict, and such motion must be made and disposed of prior to sentencing.[3]
In this matter, after oral argument, the State filed a supplemental brief confirming that the motion for post-judgment verdict of acquittal has not been ruled on in the trial court and asking this Court to conditionally affirm the conviction and remand the matter to the trial court for consideration of the outstanding motion.
In prior cases, this Court has remedied such errors by conditionally affirming the defendant’s conviction, vacating the sentence, and remanding for rulings on the defendant’s motions; or by simply vacating the defendant’s sentence [4and remanding for rulings on the defendant’s motion without considering the merits of the other assignments of error.[4]
However, in this matter the issue in the motion for post-judgment acquittal is sufficiency of evidence to prove the charges. Since that is the sole matter at issue in this appeal, it would be inappropriate for this Court to follow the prior course. Should we decide the issue of sufficiency of evidence, we would effectively render the motion for post-verdict judgment of acquittal moot. Therefore, we deny the State’s request for a conditional affirm; we dismiss this appeal and remand this matter to the trial court for a ruling of Swanzy’s motion for post-verdict judgment of acquittal.

APPEAL DISMISSED; MATTER REMANDED

. La. R.S. 14:67 was amended by a bill in the 2010 Louisiana legislative session. The amendment is not relevant here.

. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990).

. La.C.Cr.P. art. 821.

.See, State ex rel. T.J., 01-384 (La.App. 5 Cir. 10/17/01), 800 So.2d 969, 973; State v. Davis, 01-1275 (La.App. 5 Cir. 4/10/02), 817 So.2d 171.