STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-251


STATE OF LOUISIANA

VERSUS

JEFFERY J. FREEMAN


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 56840-L
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.


SENTENCE VACATED.  REMANDED FOR FURTHER PROCEEDINGS.


Michael Harson
District Attorney
Post Office Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
    State of Louisiana

J. N. Prather, Jr.
Assistant District Attorney
100 N. State Street, Suite 215
Abbeville, LA   70510
(337) 898-4320
COUNSEL FOR APPELLEE:
    State of Louisiana

**Chase J. Edwards**
**415 South Pierce Street**
**Lafayette, LA   70501**
**(337) 247-7476**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**     Jeffery J. Freeman**

**AMY, Judge.**

The defendant was convicted of indecent behavior with juveniles, a violation of La.R.S. 14:81. Thereafter, he was sentenced to eight years at hard labor, the first two years to be served without the benefit of probation, parole, or suspension of sentence; five years suspended; and five years of supervised probation. The defendant appeals. For the following reasons, we vacate the defendant's sentence and remand for further proceedings consistent with this opinion.

## Factual and Procedural Background

The defendant, Jeffery J. Freeman, was indicted for aggravated rape, a violation of La.R.S. 14:42. The defendant pled not guilty and, after a trial, the jury found the defendant guilty of indecent behavior with juveniles, a violation of La.R.S. 14:81. Thereafter, the defendant filed a motion for judgment of acquittal. At a sentencing hearing, the trial court sentenced the defendant to eight years at hard labor, with the first two years to be served without the benefit of probation, parole, or suspension of sentence. The trial court suspended five years of the defendant's sentence and ordered five years of supervised probation, with special conditions that the defendant have no contact with the victim, her family, or juveniles. The trial court also notified the defendant that he would have to register as a sex offender. *See* La.R.S. 15:540–15:553.

The defendant appeals, asserting that the evidence was insufficient to support his conviction and that the trial court erred in failing to grant a mistrial when "the Assistant District Attorney told the jury that she intended to call the defendant as a witness[.]"

**Discussion**

*Errors Patent*

This court reviews all criminal appeals for errors patent pursuant to La.Code Crim.P. art. 920. After performing such a review, we find one error which requires us to vacate the defendant's sentence and remand to the trial court for further proceedings consistent with this opinion. Thus, we do not reach the defendant's assignments of error.

Louisiana Code of Criminal Procedure Article 821(A) provides that "[t]he defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence." Our review of the record reveals that the defendant filed a motion for judgment of acquittal on September 15, 2014. The defendant was sentenced on December 4, 2014. However, the record contains no order on the defendant's motion for judgment of acquittal nor does it indicate that a hearing was held on that issue.[1]

In some cases where the trial court has failed to rule on a motion for judgment of acquittal before sentencing, the appellate courts have chosen to affirm or conditionally affirm a defendant's conviction and remand for disposition of the motion for judgment of acquittal with full reservation of the defendant's right to re-institute his appeal in the event that the trial court denied the motion. *See State v. Lewis*, 04-1074 (La.App. 5 Cir. 10/6/05), 916 So.2d 294, *writ denied*, 05-2382 (La. 5/31/06), 925 So.2d 1257; *State v. Pursell*, 04-1775 (La.App. 1 Cir. 5/6/05), 915 So.2d 871.

---

[1]By affidavit filed with this court, the Vermilion Parish Clerk of Court's office certified that "a Motion for Judgment of Acquittal was filed September 15, 2014 . . . . There has been no Order received on the motion. There was no hearing on the motion."

However, in *State v. Leonard*, 99-800 (La.App. 3 Cir. 2/2/00), 758 So.2d 238, this court determined that the appropriate remedy was to pretermit discussion of the defendant's assignments of error, vacate the defendant's sentence, and remand the case for disposition of the motion for post-verdict judgment of acquittal, and, if necessary, resentencing. The court also noted the defendant's right to appeal his conviction and sentence was preserved. *Id.* at 240. We observe that more recent cases from the fifth circuit have taken this approach. *See, e.g., State v. Pettus*, 10-742 (La.App. 5 Cir. 5/24/11), 66 So.3d 1192; *State v. Swanzy*, 10-483 (La.App. 5 Cir. 6/14/11), 71 So.3d 392. Further, as discussed in *Swanzy*, 71 So.3d at 394, the issue of sufficiency of the evidence is at issue in this appeal, and "[s]hould we decide the issue of sufficiency of evidence, we would effectively render the motion for post-verdict judgment of acquittal moot."

Accordingly, we vacate the defendant's sentence and remand for disposition of his motion for post-verdict judgment of acquittal. *See Leonard*, 758 So.2d 238. Further, should the defendant's motion be denied, the defendant shall be resentenced and his right to appeal his sentence and conviction preserved. *Id.*

### DECREE

For the foregoing reasons, we vacate the sentence of the defendant, Jeffery J. Freeman, for indecent behavior with juveniles and remand this matter for disposition of his motion for post-verdict judgment of acquittal. In the event that the motion is denied, the defendant shall be resentenced, and his right to appeal his conviction and sentence preserved.

**SENTENCE VACATED. REMANDED FOR FURTHER PROCEEDINGS.**