STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

15-755

STATE OF LOUISIANA

VERSUS

DARREN ROSS CRUZ

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 20862-VC-2012
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

SENTENCE VACATED;
REMANDED FOR FURTHER PROCEEDINGS.

**Chad Ikerd**
**Louisiana Appellate Project**
**Post Office Box 2125**
**Lafayette, Louisiana 70502**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Darren Ross Cruz**

**John F. DeRosier**
**District Attorney—Fourteenth Judicial District**
**Karen C. McLellan**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, Defendant, Darren Ross Cruz, appeals his second degree battery conviction, alleging trial court error in denying his motion for new trial. Due to an existing error patent, we must vacate Defendant's sentence and remand the matter to the trial court for disposition of his motion for new trial and for resentencing, if necessary.

## FACTS AND PROCEDURAL HISTORY

On or about August 7, 2011, an altercation involving Defendant and Dustin J. Landry occurred, wherein Mr. Landry sustained serious bodily injury. Defendant was charged by grand jury indictment with the second degree battery of Mr. Landry, a violation of La.R.S. 14:34.1. Subsequent thereto, Defendant was convicted of the charged offense by a six-person jury.

Prior to sentencing, Defendant filed a motion for new trial. Crucial to this appeal, the trial court **never ruled on this motion**. Defendant was sentenced to serve thirty-six months at hard labor with thirty months suspended. He was ordered to serve the six-month portion of his sentence with the Department of Corrections, and he was to be placed on four years of unsupervised probation upon his release. A restitution hearing was subsequently held, and $20,223.56 in restitution was agreed upon and ordered to be paid by Defendant as a condition of his probation.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find an error patent which requires that Defendant's sentence be vacated and the case remanded for further proceedings consistent with this opinion.

The record indicates that Defendant filed a motion for new trial in the trial court on January 22, 2015, alleging that the verdict was contrary to the law and evidence. However, the record before this court does not indicate that the trial court ruled on Defendant's motion for new trial. By affidavit dated September 17, 2015, an authorized representative of the fourteenth judicial district clerk of court's office verified that the motion has never been ruled upon. Defendant was sentenced on January 28, 2015. Hence, Defendant was sentenced while his motion for new trial was still pending.

In *State v. Leonard*, 99-800 (La.App. 3 Cir. 2/2/00), 758 So.2d 238, in its error patent review, this court discovered there was no ruling on the defendant's motion for post verdict judgment of acquittal. This court held in pertinent part:

> [Louisiana Code Criminal Procedure] art. 821 requires that a motion for post verdict judgment of acquittal be filed and disposed of before sentencing. La.Code Crim.P. art. 853 also requires that a motion for new trial be filed and disposed of before sentencing. When such motions are filed but not disposed of before sentencing, the sentence must be vacated and the case remanded for disposition of the motions before resentencing. *State v. Townsend*, 94-658 (La.App. 3 Cir. 12/7/94); 647 So.2d 535; *State v. Randolph*, 409 So.2d 554 (La.1981); *El-Mumit v. Twenty-First Judicial District Court*, 500 So.2d 414 (La.1987). Although the motion for new trial was eventually ruled upon, it was not ruled upon until *after* sentence was imposed. The motion for post verdict judgment of acquittal, on the other hand, has not yet been ruled upon. Thus, the Defendant's sentence is vacated and the case remanded for disposition of the motion for post verdict judgment of acquittal and, if necessary, resentencing.
>
> A discussion of the remaining assignments of errors is pretermitted by this court's remand. The Defendant's right to appeal his conviction and sentence is preserved.

*Id*. at 239-40.

More recently, in *State v. Freeman*, 15-251 (La.App. 3 Cir. 10/7/15), 175 So.3d 1104, this court determined that when a defendant's motion for post verdict

judgment of acquittal is filed and not ruled upon, the appropriate remedy is to pretermit discussion of the defendant's assignment of error, vacate the defendant's sentence, and remand for a ruling on the defendant's motion for post verdict judgment of acquittal, and, if necessary, resentencing. This court also noted that the defendant's right to appeal his conviction and sentence was preserved.

Consequently, in accordance with *Leonard* and *Freeman*, we vacate Defendant's sentence and remand this matter for Defendant's motion for new trial to be addressed and decided by the trial court. Should Defendant's motion be denied, he shall be resentenced, and his right to appeal his sentence and conviction shall be preserved.

## DISPOSITION

Defendant's sentence is vacated, and the case is remanded to the trial court for disposition of Defendant's motion for new trial and for resentencing, if necessary. Defendant's right to appeal his conviction and sentence is preserved.

**SENTENCE VACATED;**
**REMANDED FOR FURTHER PROCEEDINGS.**