# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**24-286**

**STATE OF LOUISIANA**

**VERSUS**

**XAVIER LEVI JOHNWELL**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 6855-22
HONORABLE CLAYTON B. DAVIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**CHARLES G. FITZGERALD**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Charles G. Fitzgerald, Judges.

**SENTENCES VACATED;**
**REMANDED FOR FURTHER PROCEEDINGS.**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana 70602**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
     **Xavier Levi Johnwell**

**Stephen C. Dwight**
**District Attorney**
**John Eric Turner**
**Assistant District Attorney**
**Fourteenth Judicial District**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**Counsel for Appellee:**
     **State of Louisiana**

**FITZGERALD, Judge.**

Defendant, Xavier Levi Johnwell, appeals his conviction for illegal carrying of a weapon, second offense.

On December 2, 2021, Defendant and several other people were approached by deputies when they were seen hanging out in front of an abandoned house in Lake Charles. Defendant slipped and fell while attempting to flee. A gun was recovered from Defendant.

In May 2022, Defendant was charged by bill of information with one count of possession of a firearm by a convicted felon in violation of La.R.S. 14:95.1. He was also charged with one count of illegal carrying of a weapon, second offense, in violation of La.R.S. 14:95(C). In November 2023, a unanimous jury found Defendant guilty as charged.

Thereafter, in January 2024, Defendant filed a motion for new trial. Both the State and Defendant agree that the trial court has not yet ruled on this motion.

Nonetheless, in February 2024, the trial court sentenced Defendant to fifteen years for possession of a firearm by a convicted felon and five years for illegal carrying of a weapon, second offense. The sentences were ordered to run concurrently. Defendant then filed a motion to reconsider sentence. That motion was denied by the trial court.

Defendant now appeals his conviction for illegal carrying of a weapon, second offense. In his sole assignment of error, Defendant asserts that the trial court erred in refusing to give the requested jury charge of attempted illegal carrying of a weapon.

## LAW AND ANALYSIS

Pursuant to La.Code Crim.P. art. 920, all appeals are initially reviewed for errors patent on the face of the record. And here, the patent error is this: the trial court sentenced Defendant without first ruling on his pending motion for new trial. A different panel of this court addressed this error in *State v. Cruz*, 15-755, pp. 2–3 (La.App. 3 Cir. 2/3/16), 184 So.3d 869, 870–71 (emphasis in original), explaining as follows:

> In *State v. Leonard*, 99-800 (La.App. 3 Cir. 2/2/00), 758 So.2d 238, in its error patent review, this court discovered there was no ruling on the defendant's motion for post verdict judgment of acquittal. This court held in pertinent part:
>
>> [Louisiana Code Criminal Procedure] art. 821 requires that a motion for post verdict judgment of acquittal be filed and disposed of before sentencing. La.Code Crim.P. art. 853 also requires that a motion for new trial be filed and disposed of before sentencing. When such motions are filed but not disposed of before sentencing, the sentence must be vacated and the case remanded for disposition of the motions before resentencing. *State v. Townsend*, 94-658 (La.App. 3 Cir. 12/7/94); 647 So.2d 535; *State v. Randolph*, 409 So.2d 554 (La.1981); *El–Mumit v. Twenty–First Judicial District Court*, 500 So.2d 414 (La.1987). Although the motion for new trial was eventually ruled upon, it was not ruled upon until *after* sentence was imposed. The motion for post verdict judgment of acquittal, on the other hand, has not yet been ruled upon. Thus, the Defendant's sentence is vacated and the case remanded for disposition of the motion for post verdict judgment of acquittal and, if necessary, resentencing.
>>
>> A discussion of the remaining assignments of errors is pretermitted by this court's remand. The Defendant's right to appeal his conviction and sentence is preserved.
>
> *Id*. at 239–40.
>
> More recently, in *State v. Freeman*, 15-251 (La.App. 3 Cir. 10/7/15), 175 So.3d 1104, this court determined that when a defendant's motion for post verdict judgment of acquittal is filed and not ruled upon, the appropriate remedy is to pretermit discussion of the

defendant's assignment of error, vacate the defendant's sentence, and remand for a ruling on the defendant's motion for post verdict judgment of acquittal, and, if necessary, resentencing. This court also noted that the defendant's right to appeal his conviction and sentence was preserved.

Thus, based on *Cruz*, *Leonard*, and *Freeman*, we vacate Defendant's sentences and remand this case for Defendant's motion for new trial to be addressed and decided by the trial court. Should Defendant's motion be denied, he shall be resentenced, and his right to appeal his sentence and conviction shall be preserved.

## DISPOSITION

Defendant's sentences are vacated, and the case is remanded to the trial court for disposition of Defendant's motion for new trial and for resentencing, if necessary. Defendant's right to appeal his conviction and sentence is preserved.

**SENTENCES VACATED;**
**REMANDED FOR FURTHER PROCEEDINGS.**