NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

25-705

STATE OF LOUISIANA

VERSUS

SCOTT KEITH BROUSSARD

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NUMBER CR 70768
HONORABLE THOMAS J. FREDERICK, DISTRICT JUDGE

**********

CLAYTON DAVIS
JUDGE

**********

Court composed of Elizabeth A. Pickett, Gary J. Ortego, and Clayton Davis, Judges.

SENTENCES VACATED AND REMANDED.

**Hon. Donald Dale Landry**
**15th JDC DA Lafayette**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF/APPELLEE**
    **State of Louisiana**

**Shay A. Hargrave**
**Calvin E. Woodruff, Jr.**
**ADA 15th JDC Vermilion Parish**
**100 N. State Street, Ste. 215**
**Abbeville, LA 70510**
**(337) 898-4320**
**COUNSEL FOR PLAINTIFF/APPELLEE**
    **State of Louisiana**

**Remy Voisin Starns**
**Office of the State Public Defender, LAWS**
**301 Main Street, Suite 700**
**Baton Rouge, LA 70825**
**(225) 219-9305**
**COUNSEL FOR DEFENDANT/APPELLANT**
    **Scott Keith Broussard**

**Corrie R. Gallien**
**Gallien Law, PLLC**
**1030 Lafayette St., Ste. 12**
**Lafayette, LA 70501**
**(337) 761-1585**
**COUNSEL FOR DEFENDANT/APPELLANT**
    **Scott Keith Broussard**

**DAVIS, Judge.**

Trial against Defendant, Scott Keith Broussard, began on December 3, 2024. On the following day, by a unanimous vote, the jury returned the following guilty verdicts:

> molestation of a juvenile,
> two counts of first degree rape,
> three counts of attempted indecent behavior with a juvenile,
> attempted second degree rape,
> sexual battery,
> intimidating a witness, and
> possession of a firearm by a convicted felon.

A few months later, defense counsel submitted a Motion for Post Verdict Judgment of Acquittal and a Motion for New Trial, both of which were denied by the trial court. Sentencing delays were waived, and the defendant was sentenced to the above crimes.

The defendant appeals his convictions and sentences. In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. The trial court did not address the defendant's pro se "Motion to Reconsider Verdict and Motion for New Trial." As a result, we find an error patent that requires us to vacate the sentences and remand the case to allow the trial court to address this motion. If that motion is denied, the defendant should be resentenced.

## LAW AND ANALYSIS

Louisiana Code of Criminal Procedure Articles 853, 821, and 861 require that motions for new trial, post-verdict judgment of acquittal, and arrest of judgment be disposed of prior to sentencing. On December 16, 2024, the defendant filed a pro se "Motion to Reconsider Verdict and Motion for New Trial." The judge set it for a contradictory hearing. Court minutes of February 6, 2025, show that the defendant appeared in court represented by counsel, but counsel did not adopt the pro se motion. It was not considered. Eventually, sentencing was set for May 20, 2025.

Prior to sentencing, the court heard and denied defense counsel's motion for new trial and a motion for post-verdict judgment of acquittal.

An affidavit from the trial court clerk's office confirmed that the defendant's pro se motion was not addressed. The claims raised in the pro se motion and in counsel's motions were not identical.

In *State v. Miller*, 24-672 (La.App. 3 Cir. 5/21/25), 416 So.3d 691, the defendant filed a pro se motion for new trial which was not ruled on by the time he filed his appeal. He raised the issue on appeal. The State conceded that the case should be remanded for a ruling, and, if the motion was denied, resentencing. This court discussed the issue as follows:

> In *State v. Freeman*, 15-251 (La.App. 3 Cir. 10/7/15), 175 So.3d 1104, the defendant challenged the sufficiency of the evidence presented at trial as well as the trial court's failure to grant a mistrial based on a comment made by the prosecutor. In its error patent review, this court stated:
>
>> In some cases where the trial court has failed to rule on a motion for judgment of acquittal before sentencing, the appellate courts have chosen to affirm or conditionally affirm a defendant's conviction and remand for disposition of the motion for judgment of acquittal with full reservation of the defendant's right to re-institute his appeal in the event that the trial court denied the motion. *See State v. Lewis*, 04-1074 (La.App. 5 Cir. 10/6/05), 916 So.2d 294, *writ denied*, 05-2382 (La. 3/31/06), 925 So.2d 1257; *State v. Pursell*, 04-1775 (La.App. 1 Cir. 5/6/05), 915 So.2d 871.
>>
>> However, in *State v. Leonard*, 99-800 (La.App. 3 Cir. 2/2/00), 758 So.2d 238, this court determined that the appropriate remedy was to pretermit discussion of the defendant's assignments of error, vacate the defendant's sentence, and remand the case for disposition of the motion for post-verdict judgment of acquittal, and, if necessary, resentencing. The court also noted the defendant's right to appeal his conviction and sentence was preserved. *Id.* at 240. We observe that more recent cases from the fifth circuit have taken this approach. *See, e.g., State v. Pettus*, 10-742 (La.App. 5 Cir. 5/24/11), 66

2

So.3d 1192; *State v. Swanzy*, 10-483 (La.App. 5 Cir. 6/14/11), 71 So.3d 392. Further, as discussed in *Swanzy*, 71 So.3d at 394, the issue of sufficiency of the evidence is at issue in this appeal, and "[s]hould we decide the issue of sufficiency of evidence, we would effectively render the motion for post-verdict judgment of acquittal moot."

Accordingly, we vacate the defendant's sentence and remand for disposition of his motion for post-verdict judgment of acquittal. *See Leonard*, 758 So.2d 238. Further, should the defendant's motion be denied, the defendant shall be resentenced and his right to appeal his sentence and conviction preserved. *Id.*

*Miller*, 416 So.3d at 693.

Likewise, here we must vacate the defendant's sentences and remand the case for disposition of his "Motion to Reconsider Verdict and Motion for New Trial" and resentencing if the motion is denied.

## DISPOSITION

Defendant's sentences are vacated, and the case is remanded for disposition of Defendant's pro se "Motion to Reconsider Verdict and Motion for New Trial" and resentencing if the motion is denied.

**SENTENCES VACATED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.