662 So.2d 177 (1995)
STATE of Louisiana
v.
Luther HANDLEY.
No. 94 KA 1313.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
Doug Moreau, District Attorney, Baton Rouge by Beau Brock, Assistant District Attorney, for Appellee, State of Louisiana.
David Price, Office of Public Defender, Baton Rouge, for Appellant, Luther Handley.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
GONZALES, Judge.
The defendant, Luther Handley, was charged by grand jury indictment with aggravated rape, in violation of La.R.S. 14:42, armed robbery, in violation of La.R.S. 14:64, second degree kidnapping, in violation of La. R.S. 14:44.1, and possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1. He pled not guilty, and after a jury trial, was found guilty as charged on all four counts. For the aggravated rape conviction, the defendant received the mandatory sentence of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. For the armed robbery conviction, the defendant received a concurrent sentence of twenty-five years at hard labor, without benefit of parole, probation, or *178 suspension of sentence. For the second degree kidnapping conviction, the defendant received a consecutive sentence of five years at hard labor, without benefit of parole, probation, or suspension of sentence. For the possession of a firearm by a convicted felon conviction, the defendant received a consecutive sentence of ten years at hard labor, without benefit of parole, probation, or suspension of sentence. The trial court gave the defendant credit for time served.
The defendant has appealed, alleging the following seven assignments of error:
1. The trial court erred in denying the defendant's motion for a mistrial.
2. The trial court erred in overruling an objection to the jury charge on multiple counts.
3. The trial court erred in refusing to allow the jury to hear certain evidence referred to as "defense proffer."
4. The trial court erred in denying the defendant's motion for a new trial.
5. The trial court erred in failing to comply with the 24 hour delay required by La. C.Cr.P. art. 873.
6. The trial court erred in imposing excessive sentences and in failing to consider or apply the new sentencing guidelines.
7. The evidence was insufficient to support the instant convictions.
Assignments of error numbers 2 and 3 were not briefed on appeal, and therefore, are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

PATENT ERROR
We note the existence of a patent error which requires that the instant sentences be vacated and the case remanded to the trial court. Accordingly, we do not reach the merits of the defendant's assignments of error. The record indicates that defense counsel filed a motion for new trial and a motion for post verdict judgment of acquittal on or about February 1, 1994. On March 2, 1994, defense counsel filed an "amending and supplemental motion for new trial." On April 15, 1994, the trial court denied the motion for new trial and imposed the instant sentences.[1] However, the record does not contain a ruling on the motion for post verdict judgment of acquittal. Furthermore, we are informed by the East Baton Rouge Parish Deputy Clerk of Court that there was no ruling on the defendant's motion for post verdict judgment of acquittal. La.C.Cr.P. art. 821(A) provides that a motion for post verdict judgment of acquittal must be filed and disposed of before sentence. The failure of the trial court to rule on this motion is an error patent on the face of the record and requires that the sentences be vacated. See State v. Magee, 496 So.2d 562 (La.App. 1st Cir.1986). Therefore, we vacate the instant sentences and remand this case to the trial court for a hearing and disposition of the defendant's motion for post verdict judgment of acquittal.

DECREE
Accordingly, the sentences are VACATED and this case is REMANDED to the trial court for further proceedings.
NOTES
[1] While we have not considered the defendant's assignments of error due to the reversible patent error described herein, we do note that assignment of error number five has merit. The trial court erred by sentencing the defendant without waiting twenty-four hours after the denial of his motion for new trial. See La.C.Cr.P. art. 873. The record reflects no waiver of this time period by the defendant. See State v. Augustine, 555 So.2d 1331, 1333-1335 (La.1990); State v. Claxton, 603 So.2d 247, 250 n. 3 (La.App. 1st Cir. 1992).