817 So.2d 171 (2002)
STATE of Louisiana
v.
Erneal DAVIS.
No. 01-KA-1275.
Court of Appeal of Louisiana, Fifth Circuit.
April 10, 2002.
*172 Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Vincent Paciera, Jr., Gregg Kennedy, Assistant District Attorneys, Gretna, LA, for Appellee.
Christopher A. Aberle, Mandeville, LA, for Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and MARION F. EDWARDS.
MARION F. EDWARDS, Judge.
Defendant Erneal Davis, appeals his life sentence for second degree murder. We vacate the sentence and remand the matter as follows.
On March 30, 2000, Erneal Davis, was charged by bill of indictment with second degree murder in violation of LSA-R.S. 14:30.1. He was arraigned and pled not guilty, and on October 25, 2000, the case was tried before a twelve-person jury. Davis was found guilty as charged. Prior to sentencing, Davis filed a motion for appeal, on November 14, 2000, but no ruling on this motion appears in the record. On November 21, 2000, he filed a writ application with this Court, seeking a new trial. The writ application was denied because Davis had failed to seek relief in the district court.[1] On December 16, 2000, Davis filed an untitled pro se motion for post verdict judgment of acquittal with the trial court, alleging that he received ineffective assistance of counsel. On December 18, 2000, the trial court sentenced Davis to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. On that same day, Davis filed a second motion for appeal which was granted.
On January 31, 2001, the trial court denied the untitled motion for post verdict judgment of acquittal, stating: "The Court finds the defendant is not entitled to the relief sought because defendant has an appeal pending and this court has lost jurisdiction." On January 16, 2001, Davis filed a writ application with this Court requesting a hearing regarding ineffective assistance of counsel, which this Court denied on the basis that an appeal was currently pending.[2] On February 15, 2001, Davis filed a motion for new trial in the trial court alleging ineffective assistance of counsel, which motion was denied based on the pending appeal. Davis then filed a writ application with this Court which was denied on April 26, 2001.[3]
Because the matter must be remanded for the reasons below, we pretermit discussion of the underlying facts of this case.

ASSIGNMENT OF ERROR NUMBER ONE
Davis argues that the trial court erred by not ruling on his pending motion for post verdict judgment of acquittal and/or motion for new trial, and that this Court should vacate his sentence and remand the case to the trial court for a ruling on the outstanding motion and subsequent re-sentencing. *173 The state agrees. LSA-C.Cr.P. art. 821 provides that a defendant may move for a post verdict judgment of acquittal following the verdict, and that such motion must be made and disposed of before sentence.
LSA-C.Cr.P. art. 853 provides that a motion for a new trial must be filed and disposed of before sentence. When the motion for a new trial is based on ground (3) of Article 851, the motion may be filed within one year after verdict or judgment of the trial court, although a sentence has been imposed or a motion for a new trial has been previously filed; but if an appeal is pending, the court may hear the motion only on remand of the case.
This court has previously held that sentencing, prior to a ruling on these motions, must be set aside and the case remanded for a ruling on the motions prior to resentencing.[4]
In the instant case, Davis filed an untitled pro se motion with the trial court on December 16, 2000, requesting that the trial court grant his "motion for post verdic of acquittaul" [sic] based on ineffective assistance of counsel. The order was denied because the trial court stated that it lacked jurisdiction. Davis's November 14, 2000, motion for appeal was premature, because he had not yet been sentenced. LSA-C.Cr.P. art. 912. Moreover, on December 16, 2000, there was no ruling on that motion for appeal and therefore, no appeal was pending at the time of the filing of the Motion for Post Verdict Judgment of Acquittal.
The trial court sentenced Davis on December 18, 2000, and that same day, Davis's second motion for appeal was granted. Prior to sentencing, Davis informed the trial court that he had filed a motion for new trial. However, because the motion could not be located in the record, the trial judge determined that he would not rule on the request for new trial. The court also stated that even if a new trial motion had been filed, he would deny it because he saw no grounds for a motion for new trial.
The Motion for Post Verdict Judgment of Acquittal was filed on December 16, 2000, after the October 25, 2000 verdict but before sentencing on December 18, 2000. As such, the motion was timely and should have been ruled upon. Although the motion for appeal was filed and granted on December 18, 2000, it was not pending on December 16, 2000 when the Motion for Post Verdict Judgment of Acquittal was filed. Davis filed a motion for new trial in the trial court which was denied because of the pending appeal. Denial of the Motion For New Trial February 15, 2001 was a correct ruling because the motion was untimely filed after sentencing, and also because there was an appeal pending as of December 18, 2000.
For the foregoing reasons, we vacate Davis's sentence and remand the matter to the trial court to rule on the Motion for Post Verdict Judgment of Acquittal, and for re-sentencing.
SENTENCE VACATED; REMANDED.
NOTES
[1] State v. Davis, 01-KH-72 (La.App. 5th Cir.1/26/01).
[2] State v. Davis, 01-KH-393 (La.App. 5th Cir.4/26/01).
[3] State v. Davis, 01-KH-393 (La.App. 5 Cir. 4/26/01).
[4] State of La. In the Interest of T.J., 01-384, pp. 9-10 (La.App. 5 Cir. 10/17/01), 800 So.2d 969 (citing State v. Stec, 99-633 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 790); State v. Wilson, 96-251 (La.App. 5 Cir. 10/1/96), 683 So.2d 775, 777.