924 So.2d 266 (2006)
STATE of Louisiana
v.
Carl O. CHRISTIAN, Jr.
No. 05-KA-635.
Court of Appeal of Louisiana, Fifth Circuit.
February 3, 2006.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Thomas J. Butler, Gevin Paul Grisbaum, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Margaret S. Sollars, Attorney at Law, Louisiana Appellate Project, Thibodaux, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, WALTER J. ROTHSCHILD and SAM A. LeBLANC, III, Pro Tempore.
SAM A. LeBLANC, III, Judge Pro Tempore.
Defendant, Carl O. Christian, Jr., was indicted by a grand jury on July 17, 2003 and charged with one count of second degree murder in violation of La. R.S. 14:30.1 and one count of simple escape in violation of La. R.S. 14:110. He pled not guilty and filed several pre-trial motions. The counts were severed and defendant proceeded to trial on count one, second degree murder, on June 24, 2004. After a two-day trial, the jury found defendant guilty as charged by a vote of eleven to one. Defendant was sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence.
Defendant has appealed, alleging the following three assignments of error:
1) The trial court erred by not granting defendant's motion to suppress his statements.
2) The evidence was insufficient to establish beyond a reasonable doubt that defendant committed second degree murder.
3) Error patent was committed requiring that the conviction and sentence be vacated.
Because the matter must be remanded for the reasons below, we pretermit discussion of defendant's first two assignments of error.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant asserts three errors patent: 1) the trial court failed to rule on his motion for post verdict judgment of acquittal prior to sentencing, 2) the trial court failed to observe the 24-hour time delay *267 before imposing sentence after denying his motion for new trial, and 3) the trial court failed to rule on his motion for reconsideration of sentence.

Failure to rule on post verdict judgment of acquittal
La.C.Cr.P. art. 821 requires a motion for post verdict judgment of acquittal be made and disposed of before sentence. The record contains defendant's motion for post verdict judgment of acquittal but there is no filed stamp indicating the date it was filed. The trial judge signed the attached order on July 7, 2004 setting the motion for a rule to show cause on July 22, 2004. Since defendant was not sentenced until July 22, 2004, the motion was timely filed prior to sentencing. There is nothing in the record indicating the trial judge ruled on the motion. In its appellee brief, the State concedes there was no ruling on the motion for post verdict judgment of acquittal.
The failure of the trial court to rule on this motion is an error patent on the face of the record and requires that the sentence be vacated. State v. Davis, 01-1275 (La.App. 5 Cir. 4/10/02), 817 So.2d 171; State v. Handley, 94-1313 (La.App. 1 Cir. 10/6/95), 662 So.2d 177; State v. Magee, 496 So.2d 562 (La.App. 1 Cir.1986); State v. Randolph, 409 So.2d 554 (La.1981). Therefore, we vacate defendant's sentence and remand this case to the trial court for a hearing and disposition of defendant's motion for post verdict judgment of acquittal[1]. In the event of an unfavorable ruling on the motion, we reserve to defendant his right to appeal his conviction and sentence.
Accordingly, the sentence is vacated and this case is remanded to the trial court for further proceedings.
SENTENCE VACATED AND CASE REMANDED.
NOTES
[1] Defendant's remaining two assigned errors patent are rendered moot upon remand for a ruling on the motion for post verdict judgment of acquittal. We also note that there is a discrepancy between the commitment and the sentencing regarding the correct count of the indictment and that the sentence imposed fails to impose hard labor as required by La. R.S. 14:30.1. Both of these errors can be corrected on resentencing.