947 So.2d 783 (2006)
STATE of Louisiana
v.
Hampton ROBINSON.
No. 06-KA-464.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 2006.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Jane L. Beebe, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
*784 THOMAS F. DALEY, Judge.
Defendant, Hampton Robinson, appeals his convictions and sentences for one count of armed robbery and one count of attempted armed robbery. Defendant was found guilty as charged by a twelve person jury. On appeal, Robinson argues two Assignments of Error. First, he argues that the trial court erred in failing to grant the defense's Motion for a New Trial because there was insufficient evidence to support the conviction as to the identity of the perpetrator. Second, he argues that the trial court erred in failing to grant the defense's Motion to Reconsider the Sentence as excessive.
For the reasons that follow, we vacate the sentences, and remand for a ruling on defendant's pro se Motion for New Trial, which the trial court failed to rule upon. We reserve defendant's right to appeal his convictions and sentences in the event of an adverse ruling on the Motion for New Trial.
The record shows that on April 18, 2005, defense counsel filed a Motion for New Trial, arguing that the evidence was insufficient for the jury to conclude beyond a reasonable doubt that he was guilty, and that the interests of justice would be properly served if he were granted a new trial. On April 21, 2005, defendant filed a pro se Motion for New Trial arguing that he did not receive effective assistance of counsel because his attorney failed to file a Motion to Suppress Identification. Defendant also argued in that motion that the evidence was insufficient to support a charge for armed robbery because "there was nothing of value submitted or any dangerous weapon as required by that statute."
Although the trial judge denied defense counsel's Motion for New Trial, he did not rule on defendant's pro se Motion for New Trial. In its brief, the State notes that the allegations made in defendant's pro se motion were not argued or apparently considered by the trial court. The record supports the State's contention.[1]
LSA-C.Cr.P. art. 853 provides that a Motion for a New Trial must be filed and disposed of before sentencing. The trial court erred in failing to rule on defendant's timely-filed Motion for New Trial.
Accordingly, we vacate defendant's sentences, and remand for a hearing and disposition on defendant's pro se Motion for New Trial, reserving to defendant his right to appeal his conviction and sentence in the event of an unfavorable ruling. See State v. Christian, 05-635 (La.App. 5 Cir. 2/3/06), 924 So.2d 266, 267.
Defendant argues that the trial court erred by enhancing his sentence five years under LSA-R.S. 14:64.3. He points out that the State did not charge him with a violation of that statute in the Bill of Information, nor did it provide written notice of its intent to seek enhancement of the sentence under that statute. Though we hereby vacate the defendant's sentences and remand for the trial court to rule on the pro se Motion for New Trial, we include the following in the event the trial court rules adversely to the defendant and resentences him.[2]
The State admits that there was no mention of the firearms enhancement statute in the Bill of Information, and that the record does not show that the State provided *785 notice to the defense of the enhancement.
In State v. Walker, 01-51 (La.App. 5 Cir. 5/30/01), 789 So.2d 86, writ denied, XXXX-XXXX (La.5/10/02), 815 So.2d 834, this Court found no procedural due process violation in the trial court's imposition of two five-year enhancements under this statute for defendant's conviction of two counts of armed robbery. This court noted that the Bill of Information clearly alleged that the offenses had been committed with a gun, and the State had filed written notice to defendant prior to trial that it intended to utilize the provisions of LSA-R.S. 14:64.3.
The instant case can be distinguished from Walker in that the State here failed to file notice that it intended to utilize the sentencing provisions of LSA-R.S. 14:64.3; it appears that the trial court invoked those provisions on its own.[3]
In the instant case, the trial judge erred in enhancing defendant's sentence under LSA-R.S. 14:64.3 when the State did not file written notice that it intended to seek enhancement of the sentence under LSA-R.S. 14:64.3 or charge the defendant with a violation of that statute in the Bill of Information.[4]
Accordingly, defendant's sentences are vacated, and the matter remanded for proceedings consistent with this opinion.
SENTENCES VACATED; REMANDED.
NOTES
[1] Defendant did not raise this issue on appeal.
[2] In State v. Lewis, 04-1074 (La.App. 5 Cir. 10/6/05), 916 So.2d 294, writ denied, 2005-2382 (La.3/31/06), 925 So.2d 1257, this Court found that there were sentencing problems that could be corrected on resentencing, if defendant's Motions for Post Verdict Judgment of Acquittal and New Trial were denied.
[3] See also State v. Wilson, XXXX-XXXX (La.2/17/06), 921 So.2d 103 (per curiam), wherein the Supreme Court agreed with the State that it followed the requisite procedure for invoking the firearms enhancement provisions of LSA-C.Cr.P. art. 893.3 when it filed a written notice of its intent pursuant to LSA-C.Cr.P. art. 893.1(A).
[4] See State v. Jackson, 480 So.2d 263 (La. 1985), wherein the Supreme Court stated that the statutory provisions "shall serve" (R.S. 14:95.2) and "shall impose" (art. 893.1) were neither self-operative nor imperative absent the district attorney's charging defendant with the use of a firearm or timely moving for enhancement of the sentence.