960 So.2d 235 (2007)
STATE of Louisiana
v.
Ephraim WILLIAMS.
No. 06-KA-947.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 2007.
John M. Crum, Jr., District Attorney, Rodney A. Brignac, Assistant District Attorney, Fortieth Judicial District, Edgard, Louisiana, for Defendant/Appellee.
Katherine M. Franks, Attorney at Law, Louisiana Appellate Project, Abita Springs, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge.
In this criminal matter, defendant appeals his conviction for being a principal to the distribution of cocaine. For the reasons that follow, the defendant's sentence is vacated and we remand the matter for further proceedings.
Defendant, Ephraim Williams ("Williams"), was charged in a bill of information on May 1, 2003 with being a principal to the distribution of cocaine in violation of LSA-R.S. 14:24 and 40:967(A)(1). Williams pled not guilty and filed several pre-trial motions. He proceeded to a bench trial on November 8, 2005 and was found guilty as charged. Williams subsequently filed a motion for new trial challenging the validity of his jury trial waiver. The trial court denied his motion for new trial and sentenced Williams to twelve years at hard labor with the first two years to be served without the benefit of parole, probation, or suspension of sentence.
On May 15, 2002, Agent Mamie Pellegrin ("Agent Pellegrin") was working undercover for the St. John the Baptist Sheriff's Office conducting drug buys throughout the parish. According to Agent Pellegrin, she and a confidential informant were riding around a certain area of the parish when they came to a house where two black males were sitting on a car. One of the subjects motioned *236 for them to "go a little further." Agent Pellegrin drove another fifteen feet and a man, introduced to Agent Pellegrin as "Pops,"[1] approached the passenger-side door. They told Pops they wanted "forty," which meant they wanted $40 worth of crack cocaine. Agent Pellegrin gave Pops $40, and he told them to wait.
Pops then walked behind a nearby house and to a fence where he met one of the subjects who had been sitting on the car. The subject was later identified as Williams. According to Agent Pellegrin, there was a hand-to-hand transaction between Pops and Williams whereby Pops gave Williams money. Agent Pellegrin stated she did not see what Williams handed Pops. Thereafter, Pops returned to Agent Pellegrin and gave her two rock-like substances that subsequently tested positive for cocaine. The transaction between Agent Pellegrin and Pops was recorded on videotape but the transaction between Pops and Williams was not.
Agent Pellegrin relayed information about the transaction to the surveillance team through the KEL audio system. She described Williams as having kinky hair or dreadlocks and wearing a black shirt. Lieutenant Clarence Gray ("Lt.Gray") passed by the area shortly after the transaction and observed defendant in the area. He identified Williams as the principal involved based on Agent Pellegrin's description. Lt. Gray, who knew Williams from previous encounters, also identified Williams on the videotape.
In his third assignment of error,[2] Williams asserts that the trial court erred in proceeding to sentencing without issuing a ruling on his motion for post-verdict judgment of acquittal, in contravention of the specific mandate of LSA-C.Cr.P. art. 821. Williams does not allege any specific prejudice from this failure but notes that the failure requires his sentence be vacated and the matter remanded for a ruling. After a review of the record, we agree.
After he was convicted, Williams timely filed both a motion for a new trial and a motion for post-verdict judgment of acquittal. His motion for new trial was based on the validity of his jury trial waiver, and his motion for post-verdict judgment of acquittal was based on the sufficiency of the evidence. Williams raises both of these issues on appeal. The trial court denied his motion for a new trial but never ruled on his motion for post-verdict judgment of acquittal.
LSA-C.Cr.P. art. 821 requires a motion for post-verdict judgment of acquittal be made and disposed of before sentencing. The failure of the trial court to rule on a motion for post-verdict judgment of acquittal is recognized as an error patent that requires the defendant's sentence be vacated and the matter remanded for a ruling.[3]
Therefore, we vacate Williams' sentence and remand the case to the trial court for a hearing and disposition of the motion for post-verdict judgment of acquittal. The defendant's right to appeal his conviction and sentence is also reserved. In light of our ruling, we will not address defendant's remaining assignments of error.
Accordingly, for the foregoing reasons, the defendant's sentence is vacated, and *237 we remand the matter for further proceedings consistent with this opinion.
SENTENCE VACATED; REMANDED.
NOTES
[1] The record reveals that Pops' real name was Norman Ellis.
[2] Assignment of error number three is addressed out of order due to its procedural irregularity and impact on this appeal.
[3] State v. Christian, 05-635 (La.App. 5 Cir. 2/3/06), 924 So.2d 266.