MARION F. EDWARDS, Judge.
 

 | gDefendant/appellant, Terrance M. Williams (“Williams”), appeals his conviction and sentence on a charge of armed robbery in violation of La. R.S. 14:64. For reasons that follow, we vacate the sentence and remand the matter to the trial court for a ruling on William’s motion for a new trial.
 

 Williams was originally charged with armed robbery and with being a convicted felon in possession of a firearm. The charges resulted from an early morning armed robbery of an employee of the New Orleans Hamburger and Seafood Restaurant in Metairie, Louisiana. The employee set off a silent alarm, alerting police to the crime. The perpetrator, later identified as Williams, stole the victim’s car keys and fled in her car. Officers arriving on the scene engaged in a car chase and, subsequently, a foot chase to capture Williams.
 

 ^Williams entered a plea of not guilty to both counts. Defense motions to suppress the evidence, identification and statements were all denied. Originally, Williams moved to act as co-counsel at his trial. However, he later waived his right to self-representation and was represented by counsel. During one of the pre-trial proceedings, the trial judge ordered that Williams be shackled and handcuffed at the trial on the merits.
 

 
 *976
 
 A jury trial was held on the armed robbery charge and several misdemeanor charges that derived from the ensuing chase and attempts by officers to capture Williams.
 
 [1]
 
 At the conclusion of the trial, the jury found Williams guilty of all charges.
 

 Williams was sentenced to imprisonment at hard labor for a term of forty-nine years without benefit of parole, probation, or suspension of sentence. Williams filed a motion for reconsideration of sentence, which was denied by the trial court. He also filed a motion for appeal, which was granted.
 

 Both defense counsel and Williams have filed briefs in this matter. Both briefs assert that it was reversible error to require Williams to remain seated, shackled, and handcuffed throughout trial in the presence of the jury. It is argued that such an extreme display of security robbed Williams of the presumption of innocence and the right to a fair trial. Additionally, Williams assigns two additional errors for our review in his
 
 pro se
 
 brief. He argues that the trial court abused its discretion in denying the motion to suppress the identification, and he was not allowed to obtain two material witnesses for testimony on his behalf at trial.
 

 |4Williams was convicted on July 24, 2008. He filed a motion for new trial on August 20, 2008 and was sentenced on the following day. As the State points out in its brief, the record does not reflect a ruling on the motion for new trial.
 
 [2]
 

 Motions for new trial must be filed and disposed of before sentencing.
 
 [3]
 
 The failure of the trial court to rule on a motion for new trial is recognized as an error that requires the defendant’s sentence be vacated and the matter remanded for a ruling.
 
 [4]
 
 In these circumstances, this Court has followed the guidance of
 
 State v.
 
 Randolph⅛
 
 [5]
 
 in which the Louisiana Supreme Court vacated the sentence and remanded the matter for a ruling, and also reserved to the defendant his right to appeal his conviction and sentence in the event of an unfavorable ruling on the motion.
 
 [6]
 

 However, as explained in
 
 State v. Lewis,
 

 [7]
 

 in some cases involving an appeal from a criminal matter with an outstanding motion for new trial or a motion for post-conviction judgment of acquittal, this Court has addressed the merits of the defendant’s other claims, but vacated his sentences and remanded the case to the trial court for a hearing on the outstanding motions and for a subsequent re-sentencing.
 
 [8]
 
 More recently, this Court has remedied such errors by conditionally affirming the defendant’s conviction, vacating the sentence, and remanding for rulings on the defendant’s motions;
 
 [9]
 
 or by simply vacating the defendant’s sentence
 
 *977
 
 and remanding for rulings on the defendant’s motion.
 
 [10]
 

 | ,-,By order of the trial judge, Williams was shackled and handcuffed and forced to remain seated during the trial. Williams filed a motion for new trial using the restraints used at trial as a supporting reason for the motion. Given the fact that the main thrust of Williams’ argument for reversal of his conviction is the same issue that was presented to the trial court for consideration in the motion for new trial, we find the best course of action in this matter is to vacate the sentence and remand the matter to the trial court for a ruling on the new trial motion without further comment on the merits of the claim. Accordingly, we vacate Williams’ sentence and remand the matter to the trial court for a hearing on the new trial motion. We reserve to Williams his right to appeal his conviction and sentence in the event of an unfavorable ruling on the motion.
 

 SENTENCE VACATED; MATTER REMANDED.
 

 [1]
 

 . The two counts on the bill of information were severed. The State subsequently dismissed count two of the bill of information, as well as a multiple offender bill filed earlier.
 

 [2]
 

 . Although there is a copy of the new trial motion in the record, the index states that "original not found in record; no signed order found; disposition of motion unknown.”
 

 [3]
 

 . La. C. Cr. P. art. 853.
 

 [4]
 

 .
 
 State v. Morgan,
 
 06-529 (La.App. 5 Cir. 12/12/06), 948 So.2d 199.
 

 [5]
 

 . 409 So.2d 554 (La.1981) (per curiam) (on rehearing, 1982).
 

 [6]
 

 .
 
 See, State v. Lewis,
 
 04-1074 (La.App. 5 Cir. 10/6/05), 916 So.2d 294.
 

 [7]
 

 .
 
 id.
 
 at 302.
 

 [8]
 

 .
 
 See, State v. Wilson,
 
 96-251 (La.App. 5 Cir. 10/1/96), 683 So.2d 775.
 

 [9]
 

 .
 
 State ex reí. T.J.,
 
 01-384, p. 6 (La.App. 5 Cir. 10/17/01), 800 So.2d 969, 973.
 

 [10]
 

 .
 
 State v. Davis,
 
 01-1275, p. 4 (La.App. 5 Cir. 4/10/02), 817 So.2d 171.