SUSAN M. CHEHARDY, Judge.
^Defendant, Nathan Pettus, appeals his conviction and sentence. For the following reasons, we vacate the sentence and remand the matter as follows.
On September 17, 2008, Nathan Pettus was charged by bill of information with simple robbery, in violation of La. R.S. 14:65. On December 2 and 3, 2009, a six-person jury tried the matter and found defendant guilty as charged.
On December 15, 2009, defendant made oral motions for new trial and post verdict judgment of acquittal. Both of the motions were argued and the trial judge denied defendant’s motion for new trial that day.
On December 16, 2009, the trial judge sentenced defendant to imprisonment at hard labor for seven years to run consecutively with any other sentences currently being served. On that same date, defendant orally noticed his intent to file an appeal, which is now before us.
In our error patent review pursuant to La.C.Cr.P. art. 920, we found the following error that requires remand. Because the matter must be remanded, we pretermit discussion of the underlying facts and defendant’s assignments of error.
RLa.C.Cr.P. art. 821 provides that a defendant may move for a post verdict judgment of acquittal following the verdict, and that such motion must be made and disposed of prior to sentencing. The trial court erred in failing to rule on the defendant’s timely motion for post verdict judgment of acquittal. Although neither the defendant nor the State raised the issue on appeal, it is noticeable on the face of the record and reviewable as a patent error. State v. Randolph, 409 So.2d 554 (La.1981), (per curiam)(on rehearing, 1982); State v. Christian, 05-635, pp. 3-4 (La.App. 5 Cir. 2/3/06), 924 So.2d 266, 267.
In State v. Randolph, supra, the Louisiana Supreme Court dealt with the trial court’s failure to rule on a defendant’s new trial motion by vacating his sentence and remanding the case to the trial court for a ruling. The high court reserved to the defendant his right to appeal his conviction and sentence in the event of an unfavorable ruling on the motion.
*1194 In State v. Wilson, 96-251 (La.App. 5 Cir. 10/1/96), 683 So.2d 775, the defendant complained that the trial court had failed to rule on defense motions for post verdict judgment of acquittal and for new trial prior to sentencing. This Court addressed the merits of the defendant’s other claims, but vacated his sentences and remanded the case to the trial court for a hearing on the outstanding motions and for a subsequent re-sentencing. Wilson, 96-251 at pp. 6-7, 683 So.2d at 777.
Most recently, when faced with the lack of a ruling on defense motions for new trial and post verdict judgment of acquittal, this Court has returned to Randolph and, without addressing the merits of defendant’s assignments of error, vacated the defendant’s sentence and remanded for rulings on the motions, reserving to the defendant his right to appeal his conviction and sentence in the event of unfavorable rulings. See, State v. Pearson and Little, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d 646; State v. Robinson, 06-464 (La.App. 5 Cir. 12/12/06), 947 So.2d 783; State v. Lewis, 04-1074 (La.App. 5 Cir. 10/6/05), 916 So.2d 294, 301-302; State v. Davis, 01-1275, p. 4 (La.App. 5 Cir. 4/10/02), 817 So.2d 171.
In conformity with Randolph, Pearson, Robinson, Lewis, and Davis, we will vacate the defendant’s sentence and remand the case to the trial court for a ruling on defendant’s motion for post verdict judgment of acquittal, reserving to the defendant his right to appeal from his conviction and sentence in the event that the ruling is adverse to the defendant. For the foregoing reasons, we vacate Pettus’ sentence for simple robbery and remand the matter to the trial court to rule on the Motion for Post Verdict Judgment of Acquittal, and for re-sentencing. We hereby reserve defendant’s right to appeal his conviction and sentence, in the event that the ruling on defendant’s motion is adverse to him.

SENTENCE VACATED; REMANDED WITH INSTRUCTIONS