MARION F. EDWARDS, Chief Judge.
12Pefendant/appellant, Lloyd A. Munson (“Munson”), was charged with one count of second degree murder; one count of felon in possession of a firearm; and one count of obstruction of justice, violations of La. R.S. 14:30.1, La. R.S. 14:95.1, and La. R.S. 14:130.1, respectively. Munson pled not guilty at arraignment.
Just prior to trial, Munson filed a motion to add responsive verdict seeking to add an accessory after the fact responsive verdict to the obstruction of justice charge. The trial court denied the motion. After a three-day trial, a jury found Munson guilty as charged as to all three counts. Defense counsel filed a motion for post verdict judgment of acquittal and a motion for new trial, both of which were denied.
The trial court sentenced Munson to “life in prison” on the second degree murder offense. The trial court sentenced Munson to a term of imprisonment of ten years at hard labor without benefit of parole, probation, or suspension of sentence on the felon in possession of a firearm offense. The trial court sentenced him to a term of imprisonment of forty years at hard labor on the obstruction of justice offense and ordered that the sentences be served concurrently. Defense |scounsel made an oral motion to reconsider sentence, which the trial court denied. This appeal follows.
We have conducted an error patent review. For the reasons that follow, we vacate the sentences and remand the case to the district court for rulings on Mun-son’s pro se motions for post verdict judgment of acquittal and motion for new trial.
The record shows that, on April 6, 2010, Munson filed a pro se “Motion For Post *292 Verdict Judgment of Acquittal,” that alleged ineffective assistance of counsel. Munson also included a claim that he was deprived of his constitutional right to confront his accusers in what appears to be an allegation of insufficient evidence. On April 19, 2010, prior to sentencing, defense counsel filed a motion for new trial, alleging the verdict was contrary to the law and the evidence. In addition, on that date, counsel filed a “Motion For Post Verdict Judgment Of Acquittal With Incorporated Memorandum Of Law,” alleging the only evidence of Munson’s guilt was his own uncorroborated confession, and citing Smith v. United States, 348 U.S. 147, 152, 75 S.Ct. 194, 197, 99 L.Ed. 192 (1954). Also, on April 19, Munson filed a pro se “Supplemental Motion For New Trial,” again alleging insufficiency but also urging trial error in the failure of the court to grant a mistrial.
At the hearing just prior to sentencing, the trial court denied both motions filed by defense counsel, finding that the State had proven its case. A copy of those counseled motions appear in the record as having been denied on April 19. However, nowhere in the record do we find a discussion or disposition of either of the pro se motions.
La.C.Cr.P. art. 821 provides that a defendant may move for a post verdict judgment of acquittal following the verdict, and that such motion must be made and disposed of prior to sentencing. La. C.Cr.P. art. 853 provides that a motion for |4a new trial must be filed and disposed of before sentencing. The trial court erred in failing to rule on Munson’s timely motions for post verdict judgment of acquittal and for new trial.[1] Such error is noticeable on the face of the record and reviewable as a patent error.[2]
In State v. Randolph,[3] the Louisiana Supreme Court dealt with the trial court’s failure to rule on a defendant’s new trial motion by vacating his sentence and remanding the case to the trial court for a ruling. The high court reserved to the defendant his right to appeal his conviction and sentence in the event of an unfavorable ruling on the motion. When faced with the lack of a ruling on defense motions for new trial and post verdict judgment of acquittal, this Court has recently adhered to Randolph more strictly and without addressing the merits of a defendant’s assignments of error, vacated the sentence and remanded for rulings on the motions, reserving to the defendant his right to appeal his conviction and sentence in the event of unfavorable rulings.[4]
Accordingly, in the present case we vacate the sentences and remand for rulings on the pro se Motion For Post Judgment Verdict Of Acquittal and Supplemental Motion For New Trial. With particular attention to Munson’s argument regarding challenges for cause, we reserve his right to appeal his convictions and sentences in the event of adverse rulings on the above motions.

SENTENCES VACATED; REMANDED WITH INSTRUCTIONS

. See, State v. Pettus, 10-742 (La.App. 5 Cir. 5/24/11), 66 So.3d 1192; State v. Robinson, 06-464 (La.App. 5 Cir. 12/12/06), 947 So.2d 783.

. State v. Pettus, supra, and the cases cited therein.

. 409 So.2d 554 (La.1981) (per curiam) (on reh’g 2/5/82).

. See, State v. Pettus, supra; State v. Robinson, supra.