MARC E. JOHNSON, Judge.
 

 12Defendant, Lilronald Williams, appeals his convictions and sentences for two counts of armed robbery from the 24th Judicial District Court, Division “G”. For the following reasons, we vacate the sentences and remand the matter to the trial court for further proceedings.
 

 On August 12, 2009, the Jefferson Parish District Attorney filed a bill of information which charged Defendant with two counts of armed robbery in violation of LSA-R.S. 14:64. Defendant pleaded not guilty to these charges at his arraignment on August 14, 2009. Jury selection for trial began on June 30, 2010. On July 1, 2010, a 12-person jury returned with a verdict of guilty as charged to both counts of armed robbery. On July 23, 2010, Defendant filed a motion for a new trial, arguing 1) the jury verdict was contrary to the law and evidence, 2) Defendant had discovered prejudicial error since the verdict, and 3) the ends of justice required a new trial.
 

 
 *909
 
 Defendant was sentenced on September 17, 2010, to 25 years imprisonment |son each count, to run concurrently with each other. After sentencing, Defendant orally noted his intention to appeal the jury verdict. On October 15, 2010, Defendant filed a motion to reconsider sentence, arguing that his sentences were excessive and harsh. The order was signed by the trial judge on November 10, 2010; however, the order does not render a ruling. Instead, a handwritten notation is reflected on the order stating, “See order from En Banc[.]”
 

 On appeal, Defendant alleges the trial court erred in charging the jury that less than a unanimous verdict was sufficient to convict him for an offense punishable by hard labor and in accepting a less than unanimous verdict. Defendant also challenges the excessiveness of his sentences.
 

 A review of the record indicates Defendant filed a motion for a new trial on July 23, 2010. An unsigned order to show cause and an unsigned written order granting the new trial were included with the motion. However, no ruling on the motion for new trial is included in the record.
 
 [1]
 

 LSA-C.Cr.P. art. 853 provides that motions for a new trial must be filed and disposed of before sentencing. Defendant was sentenced on September 17, 2010. Thus, the trial court erred in failing to rule on the timely filed motion for new trial. The failure of a trial court to rule on a motion for new trial is an error patent.
 
 See, State v. Falcon,
 
 06-798, p. 17 (La.App. 5 Cir. 3/13/07); 956 So.2d 650, 660.
 

 In
 
 State v. Williams,
 
 09-82 (La.App. 5 Cir. 12/29/09); 30 So.3d 975, without addressing the assigned errors on appeal, this Court recognized that the failure of the trial court to rule on a motion for new trial was an error that required the sentence to be vacated, and the matter remanded for a hearing on the new trial motion, reserving the defendant’s right to appeal his conviction and sentence in the event of an unfavorable ruling on the motion.
 
 See also, State v. Pettus,
 
 10-742 (La.App. 5 Cir. 5/24/11); 66 So.3d 1192, where this Court explained,
 

 Most recently, when faced with the lack of a ruling on defense motions for new trial and post verdict judgment of acquittal, this Court has returned to
 
 Randolph
 

 [2]
 
 and, without addressing the merits of defendant’s assignments of error, vacated the defendant’s sentence and remanded for rulings on the motions, reserving to the defendant his right to appeal his conviction and sentence in the event of unfavorable rulings.
 

 Id.,
 
 66 So.3d 1194 (citations omitted) (footnote added).
 

 Under the guidance of
 
 Williams, Pettus and Randolph,
 
 we pretermit the assignments of error, vacate Defendant’s sentences, remand the case to the trial court for a ruling on Defendant’s motion for new trial. In the event the trial court denies Defendant’s motion for new trial, Defendant shall be resentenced, and his right to appeal his convictions and sentences shall be reserved.
 

 SENTENCES VACATED; REMANDED WITH INSTRUCTIONS
 

 [1]
 

 . In Defendant's brief, he indicates that the new trial motion was heard and denied on October 20, 2009, a date which is actually prior to trial. Although he specifically cites to the record, no ruling is reflected on the cited pages.
 

 [2]
 

 .
 
 State v. Randolph,
 
 409 So.2d 554 (La.1981)
 
 (per
 
 curiam), on rehearing (1982).