16-336 (La.App. 5 Cir. 12/7/16)

**STATE of Louisiana**

v.

**Noe AGULIAR–BENITEZ aka Noe Aguilar–Benitez**

**NO. 16–KA–336**

Court of Appeal of Louisiana, Fifth Circuit.

December 07, 2016

COUNSEL FOR PLAINTIFF/APPELLEE, STATE OF LOUISIANA, Paul D. Connick, Jr., Terry M. Boudreaux, Anne M. Wallis, Angad Ghai, Marko Marjanovic

COUNSEL FOR DEFENDANT/APPELLANT, NOE AGULIAR–BENITEZ AKA NOE AGUILAR–BENITEZ, Mary E. Roper

Panel composed of Susan M. Chehardy, Stephen J. Windhorst, and Hans J. Liljeberg

SUSAN M. CHEHARDY, CHIEF JUDGE

Defendant, Noe Aguilar–Benitez, appeals his convictions and sentences for at-

tempted aggravated rape and sexual battery of a victim under the age of thirteen. For the reasons that follow, we vacate defendant's sentences and remand the matter with instructions.

## FACTS AND PROCEDURAL HISTORY

On November 10, 2015, a unanimous twelve-person jury convicted defendant of attempted aggravated rape [1] and sexual battery of a victim under the age of thirteen, violations of La. R.S. 14:27:42 and La. R.S. 14:43.1, respectively. Defendant filed a motion for new trial on November 13, 2015; yet, the court neglected to grant or deny relief on this motion in its ruling of November 19, 2015: "In consideration of the foregoing motion, it is HEREBY ORDERED that Noe–Aguliar [2] Benitez December 10th 2015."

This defective ruling was not corrected and the court imposed sentence on December 10, 2015. For his conviction of attempted aggravated rape, defendant was sentenced to fifty years at hard labor without benefits. And for his conviction of sexual battery, defendant was sentenced to ninety-nine years at hard labor without benefits.

On December 12, 2015, defendant filed a motion to reconsider sentence, refiled his motion for new trial, and filed a motion for appeal. On December 21, 2015, the court ordered a rule to show cause on the motion to reconsider, setting the matter for hearing on February 4, 2016. On January 19, 2016, the court ruled that defendant's refiled motion for new trial was "moot," noting "RTSC 2/4/16." [3] And on January 28, 2016, the court granted defendant's motion for appeal.

Following several continuances, the rule to show cause was heard on May 16, 2016. At the conclusion of this hearing, the court denied defendant's motion for new trial and his motion to reconsider sentence. On May 22, 2016, defendant filed a motion to appeal these rulings, which the court granted on May 25, 2016.

## DISCUSSION

This case presents several procedural irregularities. For ease of correction, we address only the initial defect: the district court's failure to dispose of defendant's motion for new trial before sentencing.

Generally, a motion for new trial must be filed and disposed of before sentencing. [4] La. C.Cr.P. art. 853(A). Since the court's November 19, 2015 ruling on defendant's motion for new trial neither granted nor denied relief, we find defendant's motion for new trial, timely filed on November 13, 2015, was not disposed of before sentence was imposed on December 10, 2015. This Court has routinely held that a trial court's failure to rule on the merits of a motion for new trial prior to sentencing constitutes an

---

1. In 2015, the offense defined in La. R.S. 14:42 as "aggravated rape" was redesignated as "first degree rape." *See* Acts 2015, No. 184 § 1, eff. Aug. 1, 2015. La. R.S. 14:42(E) offers the following clarification:

> For all purposes, "aggravated rape" and "first degree rape" mean the offense defined by the provisions of this Section and any reference to the crime of aggravated rape is the same as a reference to the crime of first degree rape. Any act in violation of the provisions of this Section committed on or after August 1, 2015, shall be referred to as "first degree rape."

2. As reflected in the caption of this case, defendant's surname is alternatively spelled "Aguilar" and "Aguliar" throughout the record.

3. It appears "RTSC 2/4/16" refers to the *Rule To Show Cause* hearing set for February 4, 2016.

4. The exceptions to this general rule in La. C.Cr.P. art. 853(B) and (C) are not pertinent here.

error patent on the face of the record, requiring that the sentence be vacated and the case be remanded for a ruling on the motion. *State v. Robinson,* 14–453 (La.App. 5 Cir. 12/23/14), 167 So.3d 793, 799–800 (citing *State v. Williams,* 11–65 (La.App. 5 Cir. 12/13/11), 81 So.3d 908, 909; *State v. Munson,* 11–54 (La.App. 5 Cir. 11/15/11), 78 So.3d 290, 292; *State v. Morgan,* 06–529 (La.App. 5 Cir. 12/12/06), 948 So.2d 199, 207; *State v. Stec,* 99–633 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 790; *State v. Pineyro,* 93–765 (La. App. 5 Cir. 1/25/94), 631 So.2d 1203, 1206). Accordingly, we must vacate defendant's sentences and remand the matter for the district court to rule on defendant's motion for new trial filed on November 13, 2015. In addition, though |₈we see no need to expressly rule, for the sake of clarity, we choose to vacate all of the district court's rulings after December 10, 2015. So that upon remand, this matter will be in the same procedural posture as it was when defendant filed his motion for new trial on November 13, 2015.

## DECREE

For the foregoing reasons, defendant's sentences and all district court rulings after December 10, 2015 are vacated. This matter is remanded for the district court to rule on the motion for new trial filed by defendant on November 13, 2015, and, if denied, to resentence defendant. In the event that defendant's motion for new trial is denied, upon resentencing, defendant's right to appeal his convictions and sentences is reserved.

**SENTENCES VACATED; REMANDED WITH INSTRUCTIONS**