CHEHARDY, C.J.
On appeal, defendant challenges, among other things, the trial court's failure to rule on his motion for post verdict judgment of acquittal and/or arrest of judgment. Finding this error, we vacate defendant's sentences and remand for a ruling on defendant's pro se motion for post verdict judgment of acquittal.
Procedural History
On August 18, 2016, the Jefferson Parish Grand Jury indicted defendant, Bobby L. James, for the second degree murder and attempted armed robbery of Dwayne Baptiste, violations of La. R.S. 14:30.1 and La. R.S. 14:27 and La. R.S. 14:64, respectively.[1] On October 10, 2017, trial commenced *1256 before a twelve-person jury, which, after a two-day trial, found defendant guilty as charged on both counts.
On October 27, 2017, defendant filed a pro se motion for post verdict judgment of acquittal and/or arrest of judgment, which was never ruled upon by the trial court. On November 2, 2017, the trial court sentenced defendant to concurrent sentences of life imprisonment for second degree murder and to forty-nine and one-half years at hard labor for attempted armed robbery.
On November 2, 2017, defendant filed a motion for appeal, which was granted by the trial court on the same date. On appeal, defendant challenges the failure of the trial court to rule on his motion for post verdict judgment of acquittal and/or arrest of judgment, and the alleged erroneous ruling of the trial court in granting the State's La. C.E. art. 404(B) motion.
Discussion
La. C.Cr.P. art. 821 provides that a defendant may move for a post verdict judgment of acquittal following the verdict, and that such motion must be made and disposed of prior to sentencing. [Emphasis ours]. The trial court erred in failing to rule on defendant's timely pro se motion for post verdict judgment of acquittal. State v. Christian , 05-635 (La. App. 5 Cir. 2/3/06), 924 So.2d 266, 267.
In State v. Randolph, 409 So.2d 554 (La. 1981), (per curiam )(on rehearing, 1982) the Louisiana Supreme Court dealt with the trial court's failure to rule on a defendant's new trial motion by vacating his sentence and remanding the case to the trial court for a ruling. The high court reserved to the defendant his right to appeal his conviction and sentence in the event of an unfavorable ruling on the motion.
When faced with the lack of a ruling on defense motions for new trial and post verdict judgment of acquittal, this Court has also, without addressing the merits of the defendant's assignments of error, vacated the defendant's sentence and remanded for rulings on the motions, reserving to the defendant his right to appeal his conviction and sentence in the event of unfavorable rulings. See , State v. Aguliar-Benitez, 16-336 (La. App. 5 Cir. 12/7/16), 206 So.3d 472 ; State v. Williams, 11-65 (La. App. 5 Cir. 12/13/11), 81 So.3d 908 ; State v. Munson, 11-0054 (La. App. 5 Cir. 11/15/11), 78 So.3d 290 ; State v. Swanzy, 10-483 (La. App. 5 Cir. 6/14/11), 71 So.3d 392 ; State v. Pettus , 10-742 (La. App. 5 Cir. 5/24/11), 66 So.3d 1192 ; State v. Pearson and Little , 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646 ; State v. Robinson , 06-464 (La. App. 5 Cir. 12/12/06), 947 So.2d 783 ; State v. Lewis , 04-1074 (La. App. 5 Cir. 10/6/05), 916 So.2d 294, 301-302, writ denied , 05-2382 (La. 3/31/06), 925 So.2d 1257 ; State v. Davis , 01-1275 (La. App. 5 Cir. 4/10/02), 817 So.2d 171.
In conformity with our recent jurisprudence, we will vacate defendant's sentences and remand to the trial court for a ruling on defendant's motion for post verdict judgment of acquittal, reserving to defendant his right to appeal from his convictions and sentences in the event that the ruling is adverse to defendant. For the foregoing reasons, we vacate defendant's sentences for second degree murder and attempted armed robbery and remand the matter to the trial court to rule on defendant's pro se motion for post verdict judgment of acquittal. We hereby reserve defendant's right to appeal his convictions *1257 and sentences, in the event that the ruling on defendant's motion is adverse to him.
SENTENCES VACATED; REMANDED WITH INSTRUCTIONS.

As we are vacating defendant's sentences, we pretermit discussion of defendant's remaining assigned error and any patent errors, including a potential double jeopardy violation and the trial court's failure to state that defendant's life sentence is to be served at hard labor.