SUSAN M. CHEHARDY, Judge.
| ¡.On appeal, defendant challenges his convictions and sentences. For the following reasons, we vacate defendant’s multiple offender adjudication and enhanced sentences and remand as follows for a ruling on defendant’s motion for new trial.

Procedural history

[1]

On January 22, 2007, the Jefferson Parish District Attorney filed a bill of information charging defendant, Joseph Barnes, with one count of sexual battery in violation of La. R.S. 14:43.1. The State subsequently amended the bill of information, adding a second count of sexual battery, in violation of La. R.S. 14:43.1. Defendant was arraigned on each count and pled not guilty.
On October 14, 2010, a six-person jury found defendant guilty as charged on both counts. On October 22, 2010, defendant filed a motion for new trial and a motion for appeal.
On October 28, 2010, the trial judge sentenced defendant to ten years at hard labor without benefit of parole, probation, or suspension of sentence, on each count, concurrent. At sentencing, the trial court also informed defendant of the sex | ¡¡offender registration and notification re *12 quirements. At that hearing, the State filed a multiple bill of information alleging that relator was a fourth felony offender.
On November 4, 2010, the trial court found defendant to be a fourth felony offender, vacated his underlying sentences, and imposed a concurrent sentence of life imprisonment without benefit of probation or suspension of sentence on each count.[2] Defendant’s motion for appeal was granted on December 1, 2010.
As a preliminary note, the record does not reflect that the trial court ruled on defendant’s motion for new trial. Although neither the defendant nor the State raised the issue on appeal, it is noticeable on the face of the record and reviewable as a patent error. State v. Randolph,[3] 409 So.2d 554 (La.1981) (per curiam)(on rehearing, 1982); State v. Christian, 05-685, pp. 3-4 (La.App. 5 Cir. 2/3/06), 924 So.2d 266, 267.
La.C.Cr.P. art. 853 provides that a motion for a new trial must be filed and disposed of before sentencing. In this case, the record reflects that defendant filed his motion for new trial on October 22, 2010 and the trial judge sentenced defendant on his underlying felonies on October 28, 2010. The record, however, does not reveal a ruling on defendant’s motion for new trial.
Recently, in State v. Pettus, 10-742 (La.App. 5 Cir. 5/24/11), 66 So.3d 1192, this Court, which pretermitted discussion of the underlying facts and the defendant’s assignments of error where an error patent required vacating a sentence and remand, explained the following:
Most recently, when faced with the lack of a ruling on defense motions for new trial and post verdict judgment of acquittal, this Court has returned to Randolph and, without addressing the merits of ^defendant’s assignments of error, vacated the defendant’s sentence and remanded for rulings on the motions, reserving to the defendant his right to appeal his conviction and sentence in the event of unfavorable rulings.
Pettus, 10-742 at 1, 66 So.3d at 1194 (citations omitted).
Therefore, in line with Randolph (on rehearing), Christian, and more recently, Pettus, we vacate defendant’s multiple offender adjudication and sentences and remand this matter to the trial court for a ruling on defendant’s motion for new trial. We specifically reserve defendant’s right to appeal his convictions and sentences in the event that the ruling on his motion for new trial is adverse to him.

VACATED: REMANDED

ORDER

In its Application for Rehearing, the State of Louisiana represents that the appellate record was inaccurate with regard to the trial court’s ruling on defendant’s motion for new trial on October 25, 2010. Further, in support of its application, the State of Louisiana submits the trial court’s per curiam comments that the digital record of the hearing on defendant’s motion for new trial reflects a ruling.
*13 ACCORDINGLY, rehearing is granted.
Further, pursuant to La.C.Cr.P. art 916(2), we return this record to the Clerk of Court for the 24th Judicial District Court for correction of the record, as per the trial judge’s per curiam, of the October 25, 2010 hearing on defendant’s motion for new trial. The Clerk of the 24th Judicial District Court is instructed to comply with this Order or show good cause why it cannot comply within 7 days of the is Order.
Finally, after the corrected record is returned to this Court, we instruct the Clerk of this Court to set this matter for consideration on the next available docket.

. Because the matter must be remanded, we pretermit discussion of the underlying facts and defendant’s assignments of error.

. The State was able to multiple bill defendant on both counts because he was convicted of separate felonies arising out of separate criminal offenses committed at separate times. See State v. Morgan, 06-529, p. 3 (La.App. 5 Cir. 12/12/06), 948 So.2d 199, 202 n. 4; State v. Page, 02-689 (La.App. 5 Cir. 1/28/03), 837 So.2d 165, 177, writ denied, 2003-0951 (La. 11/7/03), 857 So.2d 517 (citing State ex rel. Porter v. Butler, 573 So.2d 1106, 1109 (La.1991)).

. In Randolph, supra, which is factually identical to this case, the Louisiana Supreme Court, on rehearing, recognized that the record did not reflect a ruling on the motion for new trial and vacated its earlier affirmance of the defendant’s conviction and sentence.