EX REL JOSEPH BARNES

VERSUS

TIM HOOPER WARDEN

NO. 22-KH-280

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

July 22, 2022

Susan Buchholz
First Deputy Clerk

**\*\*CONFIDENTIAL\*\***
**LSA-RS 46:1844(W)**
**ATTORNEYS OF RECORD**
**ONLY**

**IN RE** JOSEPH BARNES

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT
COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE
STEPHEN D. ENRIGHT, JR., DIVISION "N", NUMBER 07-401

---

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Stephen J. Windhorst

**WRIT GRANTED; MATTER REMANDED**

Relator, Joseph Barnes, seeks review of the district court's denial of his motion to correct illegal sentence. For the reasons that follow, we grant relator's writ application, vacate his multiple offender adjudication and enhanced sentences, re-instate his original sentences on both counts, and remand the matter for further proceedings.

On October 14, 2010, relator was found guilty by a jury of two counts of sexual battery, in violation of La. R.S. 14:43.1. On October 28, 2010, the trial court sentenced relator to ten years imprisonment at hard labor on each count to run concurrently. On the same date, the State filed a multiple offender bill of information on both counts, alleging that relator was a fourth felony offender. On November 4, 2010, the district court found relator to be a fourth felony offender, vacated his underlying sentences, and imposed concurrent sentences of life imprisonment without benefit of probation or suspension of sentence. This Court

affirmed relator's convictions, multiple offender adjudication, and sentences. *See State v. Barnes*, 11-80 (La. App. 5 Cir. 12/13/11), 92 So.3d 9, *writ denied*, 12-951 (La. 11/9/12), 100 So.3d 828.

In December of 2021, relator filed a motion to correct illegal sentence in the district court. Therein, he alleged that his multiple offender sentences were now illegal because two of the three prior convictions used to enhance his sentences had been recently vacated due to constitutional infirmities. On June 1, 2022, the district court denied relator's motion to correct illegal sentence as untimely pursuant to La. R.S. 15:529.1(D)(1)(b), noting that relator was obliged to raise any constitutional challenges to the predicate offenses prior to the imposition of the sentences. Relator now seeks review of this ruling.

In his writ application, relator asserts that his multiple offender sentences are now illegal because he can no longer be a fourth felony offender given that two of his prior convictions used for enhancement have been vacated. We agree with relators' assertion and find that the district court erred in denying his motion to correct illegal sentence.

In *State v. Singleton*, 09-1269 (La. 4/23/10), 33 So.3d 889 (*per curiam*), the Louisiana Supreme Court held that an inmate who successfully vacates one of the prior convictions used in a multiple offender proceeding and thereby changes his offender status, may collaterally attack his sentence if it exceeds the maximum penalty he could have received without the prior conviction counted in the offender status ladder. In granting relief, the Louisiana Supreme Court stated:

> Granted. The trial court may have erred in 2007 by setting aside relator's guilty plea entered in 1995, but the state did not seek review of that ruling, which has now long since become final. *Compare* State v. Jarrow, 04–0483 (La. 9/24/04 (La.9/24/04), 882 So.2d 1160 ("Relator's filing below, properly considered as an application for post-conviction relief was untimely by a matter of 23 years and should not have been considered on the merits by the district court."). It further appears that the state affirmatively acquiesced in that ruling by dismissing the prosecution several months after the court made its

2

ruling. The district court was therefore not free to ignore the effect of that 2007 judgment in denying relator's motion to vacate his habitual offender adjudication and sentence in 2009, on grounds that the prior conviction rendering him a second offender had been vacated and the prosecution dismissed. To the extent that relator's habitual offender sentence exceeds the maximum penalty the trial court could have imposed for the underlying offense without enhancement of sentence under La.R.S. 15:529.1, relator's application is in the nature of a motion to set aside an illegal sentence as a matter of La.C.Cr.P. art. 882, which permits correction of a sentence in excess of what the law provides "at any time." *See* *State ex rel. Johnson v. Day,* 92-0122 (La.5/13/94), 637 So.2d 102.

Likewise, in *State v. Sheridan*, 11-1629 (La. 3/23/12), 84 So.3d 559, the Louisiana Supreme Court remanded the matter to the district court for purposes of conducting a hearing to determine the defendant's habitual offender status and for resentencing, if appropriate. Therein, the Court stated: "Provided that relator submits documentary proof that the 22nd Judicial District Court vacated his 1990 burglary conviction, one of two prior convictions alleged in the state's habitual offender bill of information charging him as a third offender, relator's life sentence exceeds what the law would prescribe for a second offender sentenced under R.S. 15:529.1 and R.S. 14:64, and is thus an illegal sentence which may be corrected at any time."

Relator was adjudicated a fourth felony offender on both counts of sexual battery and was thereafter sentenced to concurrent terms of life imprisonment. Relator has provided documentation in support of his motion to correct illegal sentence to show that two of the three predicate offenses used to enhance his multiple offender sentences have been vacated as a result of two separate post-conviction proceedings in Orleans Parish Criminal District Court. In the absence of these two prior convictions for simple robbery and attempted armed robbery, relator would no longer be a fourth felony offender, and the life sentences that were imposed exceed the maximum penalties he could have received without the

3

prior convictions counted in the offender status ladder. La. R.S. 15:529.1 and La. R.S. 14:43.1.

In light of the foregoing, we find that the district court erred in its determination that relator "does not point to a claimed illegal term in his sentence." Accordingly, we grant relator's writ application, vacate his habitual offender adjudication and enhanced sentences on both counts, re-instate the original sentences imposed on relator, and remand the matter to the trial court for further proceedings to determine relator's habitual offender status and for resentencing, if appropriate.

Gretna, Louisiana, this 22nd day of July, 2022.

**RAC**
**FHW**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **07/22/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**22-KH-280**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Stephen D. Enright, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Joseph Barnes #326483 (Relator)
Louisiana State Penitentiary
Angola, LA 70712