| STATE OF LOUISIANA | * | NO. 2024-K-0591 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| CHARLES L. WILLIAMS | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 549-728, SECTION "D"
Judge Kimya M. Holmes,
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott)

***LOBRANO, J., CONCURS IN THE RESULT***

Jason R. Williams
District Attorney
Brad Scott
Assistant District Attorney
Chief of Appeals
Patricia Amos
Assistant District Attorney
ORLEANS PARISH
619 South White Street
New Orleans, LA 70119

　　　　COUNSEL FOR RELATOR, STATE OF LOUISIANA


Jennifer L. Hull
2601 Tulane Avenue
Suite 700
New Orleans, LA 70119

　　　　COUNSEL FOR DEFENDANT/RESPONDENT, CHARLES WILLIAMS


　　　　　　　　**WRIT GRANTED; JUDGMENT REVERSED**
　　　　　　　　　　　　**OCTOBER 24, 2024**

NEK
TGC

The State of Louisiana ("the State") seeks review of the trial court's August 16, 2024 pretrial ruling excluding other crimes evidence under La. C.E. art. 404(B). For the following reasons, we grant the State's writ and reverse the trial court's ruling.

**FACTUAL AND PROCEDURAL HISTORY**

On September 1, 2020, Charles Williams ("Defendant") was charged with one count of felony carnal knowledge of a juvenile – a violation of La. R.S. 14:80 – as it relates to G.B. for the time period between August 13, 2012 and August 13, 2015.[1,2] Additionally, Defendant was charged with one count of enticing G.B., who was under eighteen years old, into prostitution by placing, persuading, encouraging or causing the entrance of G.B. into prostitution, either by force, threats, promises, or by any other device – a violation of La. R.S. 14:86 – for the time period between August 13, 2015 and September 21, 2019.

Several pre-trial motions and notices were filed in this case. However, pertinent to this writ application, the State filed State's First Notice of Intent to Offer

---

[1] As provided for in Rules 5-1 and 5-2 of the Uniform Rules—Courts of Appeal, the initials of the minor child and other parties will be used in this matter in lieu of their names in order to ensure the confidentiality of the minors.

[2] Defendant is the father of G.B.'s brother.

1

Evidence of Similar Crimes, Wrongs, and Acts by the Defendant at the Time of Trial Under La. Code of Evidence Article 404(B) ("Notice") on July 24, 2024, which Defendant opposed. Through its Notice, the State attempted to introduce evidence pertaining to allegations made by G.B.'s sister on October 8, 2018, regarding a sexual encounter she had with Defendant on that same date.

According to G.B.'s sister, on October 8, 2018, Defendant picked her up from her house and brought her to his residence so that she could do work for his small business and earn extra money for her school dance expenses. As she sat on the sofa at Defendant's house, Defendant began rubbing on her back and kissing her. From there, Defendant performed oral sex on her and eventually proceeded to vaginally penetrate her. G.B.'s sister started crying, and Defendant ceased his sexual actions. Defendant drove her home and gave her money. During the drive home, G.B.'s sister texted her friend about what occurred, and the friend reported the encounter to G.B.'s sister's family. Once at home, her family confronted her about the information her friend disclosed to them, and one of the family members called 911. At the time of this incident, G.B.'s sister was seventeen years old.

After learning of Defendant's sexual encounter with G.B.'s sister on October 8, 2018, G.B. reported Defendant's abuse to law enforcement on October 15, 2018. According to G.B., Defendant began sexually abusing her when she was fourteen years old, and their sexual activity continued until the age of twenty. As an adult, G.B. would receive money from Defendant after sex, and she continued having sex with Defendant to prevent him from sexually assaulting her younger sisters.

As part of the investigation into G.B.'s sister and G.B.'s allegations, Defendant was interviewed by the investigating detective. Regarding the encounter with G.B.'s sister, he admitted to touching, kissing, performing oral sex, and

2

vaginally penetrating her. However, he stopped when she started crying and stated she did not give him the impression "that [was] something she didn't want to do." Shifting to G.B.'s allegations, Defendant admitted to having a sexual relationship with G.B., but stated she was seventeen when they started having sex. Defendant also admitted to having a close relationship with G.B. and that he sometimes gave her money. Defendant claimed G.B.'s allegations are revenge for his sexual encounter with her sister.

In connection with the Notice, the State was seeking to introduce evidence related to Defendant's sexual encounter with G.B.'s sister, which included affidavits for arrest warrants – along with the actual arrest warrants – connected with Defendant's arrest for crimes against G.B. (first-degree rape and enticing prostitution) and G.B.'s sister (third-degree rape)[3], and Defendant's video-recorded statement to the investigating detective.

The trial court conducted a hearing on August 5, 2024 regarding the State's Notice and took the matter under advisement. Eleven days later, the trial court ruled to exclude the evidence that was the subject of the State's Notice. Defendant now seeks supervisory review of the trial court's ruling excluding the La. C.E. art. 404(B) evidence.

## DISCUSSION

"A trial court's ruling on the admissibility of other crimes evidence will not be disturbed absent an abuse of discretion." *State v. Horn*, 2022-01722, p. 1 (La.

---

[3] Defendant was arrested for third-degree rape of G.B.'s sister; however, the State chose not proceed with the prosecution of this offense.

2/14/23), 354 So.3d 1222, 1223 (citation omitted). "Because an abuse-of-discretion standard almost always requires an appellate court to defer to the trial court's admittedly discretionary ruling, in order to obtain a reversal of such a discretionary ruling, a complaining party is usually required to show that the trial judge's ruling was based upon a mistaken application of law." *State v. Lee*, 2011-0398, p. 6 (La. App. 4 Cir. 1/30/12), 83 So.3d 1191, 1196. "When a trial judge's ruling is based upon a legal mistake, the ruling is no longer entitled to deference by the reviewing court." *Id.*

The State asserts the trial court erred in excluding other crimes evidence under La. C.E. art. 404(B), thus not admitting into evidence Defendant's October 8, 2018 sexual encounter with G.B.'s sister. Louisiana Code of Evidence Article 404(B)(1)(a) states:

> Except as provided in Article 412 or as otherwise provided by law, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

Specifically, the State argues that the October 8, 2018 sexual encounter with G.B.'s sister is admissible under Article 404(B) to prove identity or *modus operandi* and *res gestae*. Under the facts and circumstances of this case, we agree with the trial court that identity and *modus operandi* are inapplicable as Defendant's identity was known to G.B. and G.B.'s sister, and the State failed to establish how this evidence would show Defendant's motive. *See* La. C.E. art. 404(B)(1).

4

"Generally, courts may not admit evidence of other crimes to show defendant is a man of bad character who has acted in conformity with his bad character." *State v. Taylor*, 2001-1638, p. 10 (La. 1/14/03), 838 So.2d 729, 741. "However, under La. C.E. art. 404(B)(1) evidence of other crimes, wrongs or acts may be introduced when it relates to conduct, formerly referred to as *res gestae,* that 'constitutes an integral part of the act or transaction that is the subject of the present proceeding.'" *Id.* "*Res gestae* events constituting other crimes are deemed admissible because they are so nearly connected to the charged offense that the state could not accurately present its case without reference to them." *Id.*

The Louisiana Supreme Court stated in *State v. Colomb*:

> The test of integral act evidence is . . . not simply whether the state might somehow structure its case to avoid any mention of the uncharged act or conduct but whether doing so would deprive its case of narrative momentum and cohesiveness, "with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict."

1998-2813 (La. 10/1/99), 747 So.2d 1074, 1076. The State maintains the evidence of the Defendant's sexual encounter with G.B.'s sister is admissible as *res gestae* because it was the reason G.B. disclosed her abuse to their family and reported the abuse to the police, thus integral to the "narrative momentum and cohesiveness" of the State's case.

In its August 16, 2024 ruling, the trial court stated:

> As an initial threshold matter, this Court does not find that the act constitutes *res gestae*, as it is not necessary to "tell the story of the crime" or for completeness. While the State certainly would like to introduce it in order to explain why G.B. (older) ultimately disclosed the purported sexually assaultive behavior for which Mr. Williams is on trial, it is not a part of the "story of the crime." The encounter between the defendant at the bar and G.B. (younger) took place **after** the charged conduct, not closely in time or simultaneously thereto.

5

However, In *State v. Barnes*, the Fifth Circuit held admissible, under the *res gestae* exception, evidence of defendant's inappropriate behavior with the victim's sister – which the disclose of such behavior prompted the victim to report her abuse to their father. 2011-80 (La. App. 5 Cir. 12/13/11), 92 So.3d 9. In admitting the victim's sister's testimony regarding her abuse under the *res gestae* exception, the Fifth Circuit stated:

> This context in which [the victim's sister] first disclosed the abuse is integral to the "narrative momentum and cohesiveness" of the State's case against defendant. This information was necessary for the jury to understand the 'story of the crime' in its 'immediate context of happenings in time and place.'

*Id.* at p. 8, 92 So.3d at 16.

Analogous to the *Barnes* case, G.B. was prompted to disclose Defendant's abuse after G.B.'s sister disclosed her encounter with the Defendant. The context of G.B.'s disclosure of Defendant's abuse is integral to the jury's understanding of the "story of the crime" and the reasons for her delayed reporting – G.B. did not tell anyone about the abuse because she was afraid and told Defendant she would continue the sexual encounters with him as long as he did not go after her younger sisters.

Further, while the trial court highlighted the fact that Defendant's encounter with G.B.'s sister occurred after the charged conduct with G.B. and "not closely in time", Louisiana jurisprudence does not support excluding other crimes (or acts) evidence based on the remoteness of various offenses to the charged offense. In *State v. Altenberger*, the Louisiana Supreme Court stated:

> Remoteness in time, in most cases, is only one factor to be considered when determining whether the probative value of the evidence outweighs its prejudicial effect. Generally, **a lapse in time will go to the weight of the evidence, rather than to its admissibility**.

....

> ... the time between the other crimes [or acts] evidence and the offense charged is but one factor to be considered when balancing probative value, prejudicial effect, and relevancy. Length of time between the offenses should not exclude otherwise admissible evidence unless the lapse strips the testimony of probative value. While there must be some connexity between the crime charged and the other acts or crimes, the mere passage of time will not necessarily defeat admissibility. *State v. Jackson,* 625 So.2d 146, 149–51 (La.1993).

2013-2518, p. 9 (La. 4/11/14), 139 So.3d 510, 516 (emphasis added). Therefore, evidence of Defendant's encounter with G.B.'s sister should not be deemed inadmissible based on the fact that the encounter occurred after the charged conduct with G.B.

Even if other crimes (or acts) evidence is deemed admissible under the *res gestae* exception of La. C.E. art. 404(B), it must still pass the balancing test of La. C.E. art. 403, which states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." In applying the La. C.E. art. 403 balancing test to the context of other crimes evidence, the Louisiana Supreme Court stated:

> [I]n those situations in which the evidence of other crimes [or acts] is highly relevant to the determination of a particular issue bearing on guilt or innocence of the defendant as to the crime on trial, such evidence is allowed because its independent relevancy to a material issue (other than defendant's bad character) is of such a high degree that its probative value outweighs the prejudicial effect.

*State v. Humphrey*, 412 So.2d 507, 520 (La. 1981). The evidence of the Defendant's sexual encounter with G.B.'s sister is relevant to provide the context of G.B.'s delayed disclosure of Defendant's abuse and is integral to the case at bar. This *res gestae* evidence is highly probative and relevant to independent material issues – other than Defendant's bad character – such as G.B.'s credibility. As such, we find

7

that the probative value of Defendant's sexual encounter with G.B.'s sister is not substantially outweighed by the dangers of unfair prejudice.

Accordingly, while a trial court's ruling on the admissibility of other crimes (or acts) evidence is subject to an abuse of discretion standard of review, we find the trial court's ruling was based upon a mistaken application of law and thus, abused its discretion in excluding evidence of Defendant's sexual encounter with G.B.'s sister.

## DECREE

Based on the foregoing reasons, we grant the State's writ application and reverse the trial court's August 16, 2024 ruling.

**WRIT GRANTED; JUDGMENT REVERSED**